[Civ. No. 10618. Second Appellate District, Division One.—June 12, 1936.]

EMMA REYNOLDS, Appellant, v. N. R. JENSEN et al., Respondents.

George W. Lawrence for Appellant.

Robert H. Dunlap, George R. Larwill, Laurence W. Beilenson and Walter L. Bruington for Respondents.

SHINN, J., *pro tem.*—This action is one to recover a deficiency judgment after sale of real property under a trust deed. Section 580a of the Code of Civil Procedure was enacted, and section 337 (1) of the Code of Civil Procedure was amended, after the trust deed was executed but before the sale of the property thereunder, and the action was commenced more than three months after the sale and therefore after the expiration of the time as limited by said code sections for the commencement of such actions.

 Appellant's first point is that the code sections do not apply to trust deeds executed before the law was changed. In *Bank of America Nat. T. & S. Assn.* v. *Dennison*, 8 Cal. App. (2d) 173 [47 Pac. (2d) 296], it was held that the sections do not apply to suits following sales made before the effective date of the enactments, and it was said that they were intended to apply to cases where sales had taken place after the effective dates of the statutes. We are satisfied that such was the intention. These enactments were a part of a legislative plan to lighten the burdens of trust deed debtors as evidenced by numerous changes made in the laws at the same session of the legislature. Much of the effectiveness of the limitation would have been lost had it been confined in its operation to trust deeds executed after the legislation was passed. There is nothing in the laws themselves requiring such construction, and the obvious reasons which prompted the changes would seem to forbid it. The law operated prospectively upon causes of action arising after its adoption. Plaintiff's cause of action arose at the time of the sale. To apply the law to plaintiff's case would not give it retroactive effect. (*Davis & McMillan* v. *Industrial Acc. Com.*, 198 Cal. 631 [246 Pac. 1046, 46 A. L. R. 1095].) Therefore, the limited time for bringing suit is applicable to all cases of sales after the effective dates of the acts, regardless of the dates of execution of the trust deeds under which the sales are made.

 The second point is that a limitation upon plaintiff's right to sue for a deficiency under the existing facts would deprive her of property without due process of law, in violation of constitutional principles. Plaintiff had no vested interest in the period of time for the commencement of the action and cannot complain of the shortening of the time to a period of three months if, after the effective date of the

legislation, she was allowed a reasonable time in which to sue. (*Doehla* v. *Phillips*, 151 Cal. 488 [91 Pac. 330].) More than a year and a half elapsed between that date and the date of sale under the trust deed, which time, of course, was more than ample for plaintiff's purposes.

The judgment in favor of defendants Eleanor MacGowan Earl and Guy C. Earl, Jr., and the judgment in favor of N. R. Jensen and Kathcrine P. Jensen are affirmed.

Houser, P. J., and Doran, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 10, 1936.