[Civ. No. 10269.  First Appellate District, Division Two.—October 21, 1936.]

PALO ALTO MUTUAL BUILDING AND LOAN ASSOCIATION (a Corporation), Appellant, v. L. H. COOK et al., Respondents.

Rodgers & Costello for Appellant.

Frank V. Kington for Respondents.

SPENCE, J.—This action was brought to recover a deficiency judgment after a sale under a deed of trust. Defendants interposed a demurrer and contended that the cause of action was barred by the provisions of section 337, subdivision 1, and section 580a of the Code of Civil Procedure.  Said demurrer was sustained and thereafter judgment of dismissal was entered.  Plaintiff appeals from said judgment.

The note and deed of trust were executed on August 19, 1930.  In 1933, and prior to the sale under said deed of trust, the above-mentioned sections of the Code of Civil Procedure were amended so as to require that an action for a deficiency judgment after a sale under a deed of trust should be brought within three months after the time of sale.  Thereafter, a sale was held under said deed of trust

on September 4, 1934, and this action for a deficiency was not commenced until April 8, 1936.

It is appellant's contention that the provisions of the amendments to the above-mentioned sections, limiting the time within which an action for a deficiency judgment may be brought, do not apply in any case where the note and deed of trust were executed before the effective date of said amendments. We find no merit in this contention. It will be noted that the sale here was held in 1934 and after the effective date of said 1933 amendments. Under these circumstances, this action was subject to the limitation provided by said amendments notwithstanding the fact that the note and deed of trust were executed before the effective date of said amendments. (*Reynolds* v. *Jensen*, 14 Cal. App. (2d) 558 [58 Pac. (2d) 687]; hearing denied by Supreme Court, August 10, 1936.)

Appellant calls our attention to the language used in *Central Bank of Oakland* v. *Proctor*, 5 Cal. (2d) 237 [54 Pac. (2d) 718], where it is indicated that said section 580a does not apply to deeds of trust antedating its enactment. But the court there was dealing with provisions of said section other than those relating to the time for bringing an action to recover a deficiency judgment. Reading that decision in the light of the question before that court, we find nothing therein which is in conflict with the holding in *Reynolds* v. *Jensen, supra.*

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.