[L. A. No. 16253. In Bank.—June 23; 1937.]

VERNA R. HARRIS et al., Respondents, v. GEORGE N. FITTING et al., Appellants.

Raoul Francoeur and Walter E. Smith for Appellants.

Anne O'Keefe and Ralph C. Curren for Respondents.

THE COURT.—Plaintiffs acquired ownership of a $2,200 note and mortgage which had been executed by defendants Fitting on August 10, 1928 and had become due and payable August 10, 1931. On July 30, 1936, plaintiffs filed this action to foreclose the mortgage. Defendants Fitting demurred on the ground that the cause was barred by section 337 of the Code of Civil Procedure, the four-year statute of limitations. The demurrer was overruled, whereupon said defendants filed an answer which admitted execution of the note and mortgage and the balance due thereon but again pleaded, as an affirmative defense, the above cited statute of limitations. Plaintiffs then moved to strike the answer and for summary judgment under section 437c of the Code of Civil Procedure, enacted in 1933, on the ground that said defendants had no defense to the action and that their answer was frivolous. The motion, after argument and submission of written briefs, was granted and it was followed by entry on December 10, 1936, of decree of foreclosure, order of sale, and provision for deficiency judgment as prayed by plaintiffs. Defendants Fitting appealed from the decree and the cause

is now before this court on motion of respondents to dismiss the appeal or affirm the judgment.

Appellants again urge the defense presented in the court below, i. e., that the cause is barred by section 337 of the Code of Civil Procedure. Respondents answer that that statute of limitations was extended by section 19 of Act 5104a (Deering's 1935 Supp., p. 1341), commonly known as the Moratorium Law, effective June 21, 1935, which reads: "Whenever the time within which an action may be commenced upon any obligation founded upon a written instrument secured by mortgage, deed of trust or contract of purchase, or founded upon any guarantee of such obligation or any contract of suretyship therefor or any indorsement of such instrument, would expire by virtue of section 337 of the Code of Civil Procedure, or by virtue of the provisions of Chapter I, Statutes of Extra Session of 1934, or by virtue of the provisions of chapter VII, Statutes of 1935, or any other provision of law, during the period commencing with the effective date of this act and ending on February 1, 1937, such time is hereby extended so as not to expire until the first day of July, 1937."

Appellants attack the constitutionality and applicability of the above provision on three grounds, which will now be discussed.

First, appellants urge that the provision is violative of that portion of section 24, article IV of the Constitution, which requires that "Every act shall embrace but one subject, which subject shall be expressed in its title". Appellants contend that the title to the Moratorium Law does not contain any statement indicating that the act in any way modifies, changes, or amends section 337 of the Code of Civil Procedure. The title reads as follows: "An act relating to the relief of debtors and guarantors; permitting postponement of sales conferred by mortgages, deeds of trust, or contracts of purchase of real property, or chattels attached to real property, or postponement of forfeitures and terminations under such contracts of purchase, or extensions of periods for redemption, or reduction of moneys to be paid on redemption; regulating the appointment of receivers in certain cases; repealing chapter 1, Statutes of the Extra Session of 1934, and chapter 7 of the Statutes of 1935; declaring the urgency hereof, and providing that it shall take effect immediately."

■ We are of the view that the failure to expressly refer in the title of the act to the section thereof relating to extension of the statute of limitations was not such an omission as will be held violative of section 24 of article IV of the Constitution. The latter provision must be liberally construed and "the authorities are legion to the effect that the title of an act need not embrace an abstract or catalogue of its contents, but need only contain a reasonable intimation of the matters under legislative consideration"; that "where the body of an act embraces provisions which are germane to the general subject stated in its title, the title will be held sufficient to comprehend all of the provisions of the act itself; and where the title suggests to the mind the field of legislation which the text of the act includes, the title will not be held misleading or insufficient, or the act restricted in its operation". (*Heron* v. *Riley,* 209 Cal. 507, 510, 511 [289 Pac. 160] ; see, also, numerous cases therein reviewed.) The contents of section 19 here in question, when subjected to the test defined in *Heron* v. *Riley, supra,* are sufficiently embraced in the title of the act and are germane to the general subject stated therein.

■ Secondly, appellants contend that section 19 is violative of that portion of section 24, article IV, of the Constitution, which provides that "no law shall be revised or amended by reference to its title; but in such cases the act revised or section amended shall be re-enacted and published at length as revised or amended". The contention is without merit. The constitutional provision applies to acts which are in terms revisory or amendatory of some former act but it does not apply to an entirely separate and independent act such as the Moratorium Law, which does not expressly attempt to revise or amend any code section by reference to its title. (*Evans* v. *Superior Court,* 215 Cal. 58, 65 [8 Pac. (2d) 467].)

■ Lastly, appellants urge that as the Moratorium Law was enacted for the benefit of debtors, not of creditors, it should be applied only in cases where debtors have sought aid thereunder, not in cases such as the present one, where no petition for moratorium relief was filed by the debtor and the creditor was in no way prevented from filing the foreclosure proceeding within the time prescribed by section 337 of the Code of Civil Procedure. From a reading of the act it appears that its intent was to relieve debtors not only in cases

where such relief was sought directly but also in cases where it was afforded indirectly by the act of the creditor in refraining for an extended period from starting foreclosure proceedings. In either case the granting of this relief to the debtor makes necessary an extension of the statute of limitations for the protection of the creditor, and section 19 properly so provides. The case of *Christina* v. *McLoughlin,* 18 Cal. App. (2d) 410 [63 Pac. (2d) 1174], does not conflict with the views here announced. In that case the court merely held that inasmuch as there appeared to be no effective period of postponement authorized by the moratorium statute there involved, the time for commencement of the action was not thereby extended.

The judgment is affirmed.