[Civ. No. 1896. Fourth Appellate District.—May 19, 1938.]

BAKERSFIELD HOME BUILDING COMPANY (a Corporation), Appellant, v. J. K. McALPINE LAND & DEVELOPMENT COMPANY, LTD. (a Corporation), Respondent.

Calvin H. Conron, Jr., for Appellant.

H. E. Schmidt and Arthur C. Fisher for Respondent.

HAINES, J., *pro tem.*—The complaint in this action alleges the execution by defendant to plaintiff of a promissory note

dated October 28, 1930, for $2,500 with interest, payable at
the rate of $50 per month, including interest, commencing
November 28, 1930, also the coincident execution by defend-
ant to secure the note of a deed of trust affecting certain real
property in Kern County to Bank of America of California,
a corporation, as trustee for plaintiff's benefit. It is further
alleged that prior to February 9, 1936, no part of said in-
debtedness had been paid except the interest to August 15,
1932, and $136.06 to apply on the principal, and that the
unpaid principal and accumulated interest amounted as of
February 9, 1937, to the aggregate sum of $3,589.48. The
complaint further states that on January 30, 1936, plaintiff
caused to be recorded in the office of the county recorder of
Kern County a notice of defendant's default and that the
said real property was, pursuant to the provisions of said
deed of trust, sold by the said trustee on February 9, 1937,
for $1800, which amount was credited upon the obligation,
leaving an unpaid deficiency of $1789.48. It is alleged that
the note contained a provision for reasonable attorneys' fees
in the event of an action brought for its enforcement. Judg-
ment is sought for said unpaid balance, for the interest sub-
sequently accruing, attorneys' fees and costs. The complaint
was filed on September 10, 1937. The defendant demurred,
alleging a failure to state any cause of action and further
setting up that it appears from the face of the complaint that
the action was not commenced within the time limited by
section 580a of the Code of Civil Procedure. The court hav-
ing sustained this demurrer without leave to amend, entered
judgment for the defendant and from this judgment the
present appeal is prosecuted. Section 580a, *supra,* was origi-
nally enacted in 1933 and provides that any action to recover
a balance due on an obligation for which a deed of trust or
mortgage with power of sale has been given as security, fol-
lowing the exercise of the power of sale, must be brought
"within three months of the time of sale under such deed
of trust or mortgage". The same limitation was in the same
year written into subdivision 1 of section 337 of the Code of
Civil Procedure. The present action was brought over seven
months after the sale.

It is not disputed that, since statutes of limitations
are primarily concerned with remedies rather than substan-
tive rights, they violate no obligation of contract in either
shortening or enlarging the time within which actions may be

brought for the enforcement of rights under preexisting contracts, provided only that when they shorten the time they still leave a reasonable time for commencing such actions, and provided that when they enlarge the time they do not attempt to revive actions already barred. (*Doehla* v. *Phillips*, 151 Cal. 488, 492 [91 Pac. 330] ; *Swamp Land Dist.* v. *Glide*, 112 Cal. 85 [44 Pac. 451] ; *Reynolds* v. *Jensen*, 14 Cal. App. (2d) 558 [58 Pac. (2d) 687] ; *Terry* v. *Anderson*, 95 U. S. 628 [24 L. Ed. 365].) In the instant case appellant relies, as having extended the time previously shortened by said sections 580a and 337, subdivision 1, within which the present action might be brought, on the two moratorium acts of 1937, constituting chapters 5 and 167 of the Statutes of 1937, effective respectively on January 29th and May 5th of that year. The first of these, in its section 9, so amended section 19 of the Moratorium Act of 1935 as to make it read:

"Whenever the time within which an action may be commenced upon any obligation founded upon a written instrument secured by mortgage, deed of trust or contract of purchase, or founded upon any guarantee of such obligation or any contract of suretyship therefor or any indorsement of such instrument, would expire by virtue of section 337 of the Code of Civil Procedure, or by virtue of the provisions of chapter 1, Statutes of Extra Session of 1934, or by virtue of the provisions of chapter VII, Statutes of 1935, or any other provision of law, during the period commencing with the effective date of this act and ending on July 1, 1937, such time is hereby extended so as not to expire until the first day of October, 1937."

The second of the moratorium acts of 1937 referred to contained in section 19 thereof the following language:

"Sec. 19. Whenever the time within which an action may be commenced upon any obligation founded upon a written instrument secured by mortgage, deed of trust or contract of purchase, or founded upon any guarantee of such obligation or any contract of suretyship therefor or any indorsement of such instrument, would expire by virtue of section 337 of the Code of Civil Procedure, or by virtue of the provisions of chapter I, Statutes of Extra Session of 1934, or by virtue of the provisions of chapter 7 or chapter 348, Statutes of 1935, or by virtue of the provisions of chapter 5, Statutes of 1937, or any other provision of law, during the period commencing with the effective date of this act and ending on

October 1, 1937, such time is hereby extended so as not to' expire until the first day of July, 1939."

It is apparent that if construed literally the first of the 1937 moratorium enactments will have operated to extend appellant's time for filing the instant case until October 1, 1937, and the second until July 1, 1939. Counsel for respondent claims that such a construction cannot be indulged for the reason that the above-mentioned provisions of section 580a and of section 337, subdivision 1, of the Code of Civil Procedure were held in *Reynolds* v. *Jensen, supra,* to have been designed to "lighten the burden of trust deed debtors". He urges that the provisions for·extending the period of limitation are manifestly designed to be merely complementary to the provisions of the moratorium statutes permitting the debtor to invoke the intervention of the courts to delay the institution of foreclosure proceedings. (Mortgage and Trust Deed Moratorium of 1935, Stats. 1935, chap. 348, sec. 2, et seq., amended by Stats. 1937, chap. 5; Mortgage and Trust Deed Moratorium Act of 1937, Stats. 1937, chap. 167, sec. 2, et seq.) He argues, therefore, that where the debtor has not, in fact, sought judicial intervention for that purpose, there is no reason for extending the creditor's time to take any action that he would, but for such extension, be required to take within the three months next following the trustee's sale of the land, and, therefore, under the rule *cessante ratione cessat lex,* that the extensions made by the above-quoted provisions of the moratorium statutes should be treated as inapplicable. As supporting this view counsel cites *Lucchesi* v. *State Board of Equalization,* 137 Cal. App. 478, 482 [31 Pac. (2d) 800], in which the court quotes from 23 California Jurisprudence, page 725, to the effect that "the primary rule of statutory construction to which every other rule as to the interpretation of particular terms must yield, is that the intention of the legislature must be ascertained, if possible, and once ascertained, shall be given effect even though it may not be consistent with the strict letter of the statute."

We do not question the correctness of the principles laid down in *Lucchesi* v. *State Board of Equalization, supra,* and in the passage from California Jurisprudence therein quoted from. ▮ Clearly, however, the courts are not at liberty to refuse to apply unambiguous language in a statute which involves no absurdity nor any necessary inconsistency with its general purpose; nor may they indulge in mere specula-

tion to the effect that the legislature meant something other or less than what it said. They may not depart from the literal construction of the statute unless they can be reasonably assured that the legislature meant to say something different from what it appears to have said. In the instant case we have no reason for coming to any such conclusion.

We are in agreement with the position taken for appellant that the moratorium acts evince, throughout, a purpose not to protect debtors only, but, as incidental to the protection of debtors, to protect creditors as well from suffering unnecessary losses consequent upon the financial depression, and this may be reasonably concluded from the recitals in the first section of the "Mortgage and Trust Deed Moratorium of 1935" (Stats. 1935, chap. 348), of which the first of the 1937 moratorium enactments above quoted is an amendment, and from those in the corresponding section of the "Mortgage and Trust Deed Moratorium of 1937" (Stats. 1937, chap. 167), of which the second 1937 enactment mentioned is a part. We think, moreover, that the same purpose must necessarily be deduced from each of these respective acts taken as a whole. Moreover, we cannot assume that the legislature intended to require debtors to resort to the courts to gain postponement, even where creditors might be willing, for reasonable periods, voluntarily to forbear insisting on their remedies for default. Yet such would be the effect if the statutory extensions of the ordinary time for commencing or prosecuting proceedings to collect debts were held inapplicable when the debtor had not, on his part, actually applied to the courts for delay. The fallacy of such a view is pointed out in *Harris* v. *Fitting,* 9 Cal. (2d) 117 [69 Pac. (2d) 833], as follows:

"Lastly, appellants urge that as the Moratorium Law was enacted for the benefit of debtors, not of creditors, it should be applied only in cases where debtors have sought aid thereunder, not in cases such as the present one, where no petition for moratorium relief was filed by the debtor and the creditor was in no way prevented from filing the foreclosure proceeding within the time prescribed by section 337 of the Code of Civil Procedure. From a reading of the act it appears that its intent was to relieve debtors not only in cases where such relief was sought directly but also in cases where it was afforded indirectly by the act of the creditor in refraining for

an extended period from starting foreclosure proceedings. In either case the granting of this relief to the debtor makes necessary an extension of the statute of limitations for the protection of the creditor, and section 19 properly so provides. The case of *Christina* v. *McLoughlin,* 18 Cal. App. (2d) 410 [63 Pac. (2d) 1174], does not conflict with the views here announced. In that case the court merely held that inasmuch as there appeared to be no effective period of postponement authorized by the moratorium statute there involved, the time for commencement of the action was not thereby extended."

There is nothing in the suggestion that the extension of time granted by the legislation under discussion to creditors is inapplicable to actions brought to recover balances due after the sale of the land by which the obligation was originally secured, and the application upon the debt of the proceeds. The extension has to do, by the express language of each of the moratorium statutes involved, with actions "founded upon a written instrument secured by mortgage, deed of trust, or contract of purchase", etc. An action to recover a deficiency judgment is manifestly "founded" upon the instrument secured by the mortgage, deed of trust, contract of purchase or other contract whereby the security is given, although the amount of the deficiency that the holder is entitled to recover may not be susceptible of ascertainment until the security has been exhausted; and therefore it is not competent until that time to bring an action to recover it. Since, however, such an action is on the instrument secured (though not on the instrument that affords the security) such action is definitely included among those to which the moratorium privilege is expressly extended. The circumstance that the statutory extension has no application to obligations originally unsecured is immaterial.

It is our view, then, that the time for commencing the present action was, before it had expired, extended by the moratorium legislation above discussed, first to October 1, 1937, and then to July 1, 1939, and therefore that the action was brought in time.

It may be added that this conclusion does not mean that section 580a, *supra,* and the corresponding part of section 337, *supra,* of the Code of Civil Procedure, or either of them, have been "repealed by implication", or otherwise. The result of section 20 of the said Moratorium Act of 1935 and of section 20 of the said Moratorium Act of May 5, 1937, is to

leave these code sections in full effect as to instruments executed since February 1, 1935. Nor are the code sections repealed even as to earlier instruments. The time allowed for commencing the actions referred to in them is merely enlarged to the extent stated in the moratorium statutes. The enlargement is effected by the express terms of the latter statutes and not by any implication whatever. The suggestion, therefore, in respondent's behalf, that implied repeals are not favored is entirely irrelevant to the case.

According to its minutes, the trial court in sustaining the demurrer relied on *Palo Alto Mut. B. & L. Assn.* v. *Cook,* 17 Cal. App. (2d) 193 [61 Pac. (2d) 499], in which the facts were similar to those in the instant case. *Palo Alto Mut. B. & L. Assn.* v. *Cook, supra,* did not reach the Supreme Court. There the sale under the deed of trust occurred on September 4, 1934, and the action to recover the deficiency was commenced on April 8, 1936. No question respecting the effect of the 1934 moratorium statute (Stats. of Extra Session of the 50th Legislature, chap. 1, approved September 15, 1934) or of any subsequent moratorium legislation appears to have been raised or discussed there. It is likewise true that no question of the applicability of any moratorium statute was discussed in *Reynolds* v. *Jensen, supra.* Manifestly, therefore, neither of these cases argue anything against the conclusions which we have reached. (*Alferitz* v. *Borgwardt,* 126 Cal. 201, 202, 207 [58 Pac. 460].) In this case it was holden that a decision failing to note the effect of a statute did not amount to a construction of such statute. (See, also, *Mersfelder* v. *Spring,* 139 Cal. 593, 595 [73 Pac. 452].)

Since the note sued on was executed prior to the enactment of section 580a of the Code of Civil Procedure it was, of course, unnecessary for appellant to comply with the requirement of that section that he allege in his complaint what was the fair market value of the property by which the note was originally secured. (*Bennett* v. *Superior Court,* 5 Cal. App. (2d) 13 [42 Pac. (2d) 80]; *Central Bank of Oakland* v. *Proctor,* 5 Cal. (2d) 237 [54 Pac. (2d) 718]; *Loeb* v. *Christie Hotel Corp.,* 16 Cal. App. (2d) 299, 300 [60 Pac. (2d) 529]; *Everts* v. *Blaschko,* 17 Cal. App. (2d) 188, 190 [61 Pac. (2d) 776].)

The judgment is reversed and the case remanded to the trial court with instructions to overrule the demurrer to the

complaint and allow the defendant proper time in which to answer.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 17, 1938, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 18, 1938. Edmonds, J., voted for a hearing.