[Civ. No. 2833.   Fourth Dist.   June 10, 1942.]

NORA O'MEARA, as Executrix, etc., Respondent, v. GEORGE E. DeLAMATER et al., Appellants.

666

Monroe & McInnis for Appellants.

Green & Morrison and Vern B. Thomas for Respondent.

BARNARD, P. J.—This is an appeal from a judgment foreclosing a mortgage, from an order granting the plaintiff's motion for judgment on the pleadings, and from an order denying the defendants' motion for a similar judgment.

The complaint alleges that on September 8, 1930, the Southern California Home Building Company, which will be referred to as the building company, executed and delivered to Clarence D. DeLamater and George E. DeLamater a mortgage securing its note for $3,000, payable in five years. A copy of this note is set forth in the complaint and a copy of this mortgage, which was duly recorded, is attached thereto. It is then alleged that on August 15, 1932, the two DeLamaters assigned this note and mortgage back to the building company, the assignment being recorded, and that on January 23, 1933, the building company assigned this note and mortgage to Frank J. Monahan, the plaintiff's testator. A copy of this assignment, which was recorded, is attached to the complaint and contains a statement that the assignment is made "as collateral" for a note of $1,500. It is then alleged "that a balance of $1,500 of the original principal amount of said note and mortgage," with certain interest, remains unpaid

and the prayer is for judgment on said note and for foreclosure of the mortgage in the usual manner.

The defendants answered, alleging that the note and mortgage referred to in the complaint were assigned by the building company to Monahan as collateral for another note for $1,500 which was then executed by the building company and delivered to Monahan. The answers also set up the defense that the note and mortgage described in the complaint are barred by the statute of limitations under section 337, subdivision 1, Code of Civil Procedure.

The plaintiff moved for judgment on the ground that no defense to the action had been set forth in the answers. In support of this motion she filed an affidavit in which she admitted that the note and mortgage sued upon were assigned to Frank J. Monahan as collateral security for a note for $1,500, given to Monahan by the building company, dated January 23, 1933, payable three years after date. From a copy of this note, which is set forth in this affidavit, it appears that this note contains the statement "this note secured by mortgage on Lot 22, Block 11, Normal Heights," which is the same property mentioned in the mortgage sued upon, but it nowhere appears that the mortgage sued upon is the one to which this note refers. The defendants also moved for summary judgment on the pleadings. The two motions were heard together, the plaintiff's being granted and the defendants' denied, and this appeal followed.

The appellants base their contention that they were entitled to a judgment on the pleadings upon the fact that the statute of limitations had run on the $3,000 note sued upon and that the mortgage incidental to it could not be foreclosed as more than four years had elapsed since the maturity date of the note, and upon the further fact that the complaint contained no reference to the Moratorium Act, as enacted in 1937 or in 1939, [Stats. 1937, p. 460; Deering's Gen. Laws, 1937, Act 5101; Stats. 1939, ch. 86; Deering's Gen. Laws, 1939 Supp., Act 5100] and contained no allegation with respect to any application on the part of the respondent claiming the benefits of the Moratorium Act. It clearly appears that both the note sued upon and the other note mentioned in the affidavit were barred by the statute of limitations at the time this action was brought unless respondent was entitled to the benefits of the Moratorium Act. The question here

presented is whether the respondent lost the benefits of the Moratorium Act by failing to plead that act or to allege in her complaint that she had made application for its benefits. The appellant's contentions in this regard cannot be sustained. It is now settled that the provisions of the Moratorium Act serve to extend the period of the statute of limitations whether or not an application for relief is made before the time when the statute would otherwise run. (*Harris* v. *Fitting*, 9 Cal. (2d) 117 [69 P. (2d) 833]; *Bakersfield etc. Co.* v. *J. K. McAlpine etc. Co.*, 26 Cal. App. (2d) 444 [79 P. (2d) 410].) Moreover, since the effect of the Moratorium Act is to extend the period during which an action may be brought, the filing of an action during the extended time is sufficient, and it is unnecessary to plead the act as a condition to reliance thereon.

On the other hand, it does not follow that the respondent was entitled to a judgment on the pleadings. The action was brought upon the original note given by the building company to the DeLamaters and to foreclose the mortgage given as security therefor. The action sought a sale of certain land through the lien afforded by that mortgage. It appears, however, that the mortgage which is thus relied upon, together with the note it secured, had been assigned by the DeLamaters back to the building company which had given the mortgage and which, so far as here appears, still owned the legal title to the property. Insofar as disclosed by the pleadings or by the record before us, this assignment back to the maker of the note and mortgage merged the equitable title with the legal title and extinguished the mortgage. (*Dodds* v. *Spring*, 174 Cal. 412 [163 Pac. 351].) It follows that the mortgage could not then be foreclosed and its subsequent assignment to a third party could not revive it. It is true that, under certain circumstances, a court of equity may treat such a mortgage as still subsisting (*Craig* v. *Gomes*, 47 Cal. App. 728 [190 Pac. 1060]), but no circumstances justifying such an exception are here alleged. It may also have been possible to set forth a cause of action upon the new note, with appropriate facts justifying a holding that there was an equitable mortgage securing that note and awarding foreclosure thereof. (*Title Ins. etc. Co.* v. *California Dev. Co.*, 171 Cal. 173 [152 Pac. 542].) But no such facts or circumstances are here alleged.

While an additional promise of a debtor to pay money

cannot be treated as collateral security for his own debt (*Anglo-California T. Co.* v. *Oakland Rys.*, 193 Cal. 451 [225 Pac. 452]), a debtor may secure his second note by a mortgage on property, in which event the mortgage may be treated as collateral to the principal debt. In the instant case the debtor seems to have merely transferred to Monahan a non-existent mortgage, and the complaint neither alleges facts entitling the respondent to rely upon and to foreclose the extinguished mortgage nor attempts to set forth a cause of action upon the principal debt. Further explanation or proof was necessary to show that the respondent was entitled to judgment. We conclude that, under the circumstances here appearing, the allegations of the complaint were not sufficient as they stood to justify a summary judgment in her favor upon the pleadings.

The two orders appealed from are not appealable orders, although they may be reviewed on the appeal from the judgment. The appeal from the respective orders is dismissed, and the judgment is reversed.

Marks, J., and Griffin, J., concurred.