[Civ. No. 12398. First Dist., Div. One. June 15, 1943.]

MARY M. SCHMIDT, as Executrix, etc., Respondent, v. ROBERT KLIPFEL et al., Appellants.

**198**

Hawkins & Hawkins & Cardozo for Appellants.

G. M. Steele and Scott Rex for Respondent.

WARD, J.—This is an appeal by defendants from a judgment of foreclosure of two chattel mortgages given by them to secure the payment of a promissory note.

On November 6, 1931, the defendants, Robert Klipfel and Christine Klipfel, his wife, executed and delivered to Arno Schmidt their promissory note in the sum of $1,500, secured by a mortgage of the same date upon certain personal property consisting of printers' tools, machinery and equipment. Thereafter on November 6, 1933, when by its terms the note fell due, Robert Klipfel and Arno Schmidt entered into an agreement extending the time for payment of the note until November 6, 1936. On January 31, 1936, as further security for its payment, Robert Klipfel executed a second chattel mortgage to Arno Schmidt covering additional printers' equipment. On May 23, 1937, Arno Schmidt died and his wife, plaintiff herein, was duly appointed executrix of his estate. Robert Klipfel made his last payment on the note on September 25, 1940. Thereafter, plaintiff filed this action for judgment upon the note for $1,453.75 principal, interest of $151.83, and foreclosure of the mortgages. Defendants demurred upon the ground that the complaint failed to state facts sufficient to constitute a cause of action in that the alleged cause of action appeared to be barred by the provisions of section 337 of the Code of Civil Procedure. The

demurrer was overruled. The defendants answered, pleading as a bar to the action subdivisions 1 and 2 of the same section of the Code of Civil Procedure set up in their demurrer, and in addition sections 338 and 344 of said code. Upon the trial it was stipulated that none of the property covered by the mortgages was attached to real property, nor does the record disclose that the chattel mortgages were given as additional security for obligations also secured by mortgage or deed of trust on real property. No estoppel to plead the bar of the statute was set up or claimed, the whole issue being whether or not the principal obligation was barred thereby. ▮▮▮ The sole question is whether the obligation herein has been barred by the statute of limitations (Code Civ. Proc., sec. 337, subd. 1), or whether the Moratorium Act of 1939 (Stats. 1939, ch. 86, p. 1045; Deering's Gen. Laws, 1939 Supp., Act 5100) provides an extension of time within which the action may be brought. Section 20 of this act provides: ''Whenever the time within which an action may be commenced upon any obligation founded upon a written instrument secured by chattel mortgage, mortgage, deed of trust or contract of purchase, or founded upon any guarantee of such obligation or any contract of suretyship therefor or any indorsement of such instrument, would expire by virtue of section 337 of the Code of Civil Procedure, or by virtue of the provisions of Chapter 1, Statutes of Extra Session of 1934, or by virtue of the provisions of Chapter 7 or Chapter 348, Statutes of 1935, or by virtue of the provisions of Chapter 5, Statutes of 1937, or Chapter 167, Statutes of 1937, or any other provision of law, during the period commencing with the effective date of this act and ending on July 1, 1941, such time is hereby extended so as not to expire until the first day of October, 1941.'' Unless the broad term ''chattel mortgage'' used in the above section is modified or limited by other provisions of the act, it includes all chattel mortgages, and a creditor may delay bringing an action and not be barred by the statute of limitations.

▮▮▮ Under the Moratorium Act, upon the petition of the debtor for an order postponing the sale of property under power of sale in a deed of trust or mortgage (sec. 2), the court may grant relief if it finds equitable grounds therefor. The debtor say seek an order postponing sale under a decree of foreclosure (sec. 14), and may petition for an order extending the period of redemption after such sale (sec. 7). A

purchaser, under a contract of purchase, may petition for an order postponing foreclosure, termination or forfeiture of his interest (sec. 15). These sections except section 14 apply where the mortgage, deed of trust or contract is "upon real property, or upon chattels attached to real property." Section 14 seems to be confined to real property as it includes no reference to chattels. While the exact words above quoted do not appear in section 19, that section provides that no sale shall be made under any power of sale contained in any chattel mortgage, etc., and is applicable where the chattel mortgage covers "personal property located in and used in connection with the operation of any building located upon real property, or (b) upon any personal property (excluding personal property under lease contract and excluding live stock) which is used in connection with the customary operation of agricultural real property, sale of which real property under any mortgage, deed of trust, or contract of purchase, is postponed by the filing of a petition" etc. In effect no sale under a chattel mortgage shall be made until the real property is sold.

Thus it may be determined that so far as section 20 is concerned as applied to the facts in the present case, a mortgagor may not seek relief under the act. The mortgage did not cover "chattels attached to real property," nor was it given as additional security for an obligation also secured by a mortgage, or deed of trust on real property.

It is suggested that the purpose of a Moratorium Act is for the exclusive benefit of the debtor; that where the debtor is not permitted to seek relief, the extension is not available, and that the creditor must institute proceedings within the period set forth in Code of Civil Procedure, section 337. This argument is not convincing if section 20 is applicable to all chattel mortgages. The case of *Christina* v. *McLoughlin,* 18 Cal.App.2d 410 [63 P.2d 1174] is not in point. In that case a moratorium statute—section 8 of chapter 7, Statutes of 1935—was in question. The section covered real estate, and the court held that there was no effective date of postponement under that particular section as applied to the facts of that case.

While primarily the purpose of a moratorium statute is to benefit debtors, that this should not be to the injury of creditors is best demonstrated by the holding in *Harris* v. *Fitting,* 9 Cal.2d 117, 120-121 [69 P.2d 833], where the court said:

"Lastly, appellants urge that as the Moratorium Law was enacted for the benefit of debtors, not of creditors, it should be applied only in cases where debtors have sought aid thereunder, not in cases such as the present one, where no petition for moratorium relief was filed by the debtor and the creditor was in no way prevented from filing the foreclosure proceeding within the time prescribed by section 337 of the Code of Civil Procedure. From a reading of the act it appears that its intent was to relieve debtors not only in cases where such relief was sought directly but also in cases where it was afforded indirectly by the act of the creditor in refraining for an extended period from starting foreclosure proceedings. In either case the granting of this relief to the debtor makes necessary an extension of the statute of limitations for the protection of the creditor, and section 19 properly so provides." (*Rust* v. *Hill*, 17 Cal.2d 517 [110 P.2d 657].) In *O'Meara* v. *DeLamater*, 52 Cal.App.2d 665, 668 [126 P.2d 671], the court said: "It is now settled that the provisions of the Moratorium Act serve to extend the period of the statute of limitations whether or not an application for relief is made before the time when the statute would otherwise run. (*Harris* v. *Fitting*, 9 Cal.2d 117 [69 P.2d 833]; *Bakersfield etc. Co.* v. *J. K. McAlpine etc. Co.*, 26 Cal.App.2d 444 [79 P.2d 410].) Moreover, since the effect of the Moratorium Act is to extend the period during which an action may be brought, the filing of an action during the extended time is sufficient, and it is unnecessary to plead the act as a condition to reliance thereon." The decisions quoted constitute a sound exposition of the purpose and scope of the statute. A contrary construction would mean that upon the moratorium coming into operation a debtor could extinguish the obligation by merely remaining quiescent.

 Moratoria legislation in this state indicates a broadening of lines and a widening of scope. In 1933 it applied to a dwelling house, in which the owner resided, and the land upon which it was situated (Stats. 1933, p. 307); to real property improved with a single family dwelling (Stats. 1933, pp. 795, 2717; Deering's Gen. Laws, 1937, Act 5102); in 1934 to "real property" (Stats. 1935, pp. 1, 56.) In 1935 there was added "chattels attached to real property" (p. 1208). Also in 1935 the first chattel mortgage moratorium was enacted. (Stats. 1935, pp. 456, 1496.) There was further extension in 1937. A section similar to section 19 of the 1939 act appeared.

(Stats. 1937, p. 1549.) Under the 1937 act the extension of time of sale under a chattel mortgage was confined to "the provisions of this act." Such a provision does not appear in the 1939 act.

When the acts were combined in 1939, the only provision extending time within which a creditor must bring action was contained in section 20. There is no reference in that section to "chattels attached to real property," etc. The language "any obligation founded upon a written instrument secured by chattel mortgage" is clear, plain, definite and not ambiguous. There seems to be manifested an intent to make the extension of the period of limitation applicable to chattel mortgages irrespective of the nature of the security.

From an examination of the prior moratoria acts as interpreted, particularly in *Harris* v. *Fitting, supra,* and *O'Meara* v. *DeLamater, supra,* it is apparent that the Legislature intended to extend relief to debtors in two ways. In the first place, debtors were given the direct right, in proper circumstances, to demand extensions on real property mortgages and on mortgages on chattels attached to real property. In the second place, until 1939, debtors were given indirect relief by permitting creditors, without demand from, or agreement with, the debtors, to refrain from commencing foreclosure proceedings on such mortgages during the extended period. Until section 20 was passed in 1939 this last mentioned benefit was limited to real property mortgages and to mortgages on chattels on real property. By section 20 the Legislature extended the scope of this form of indirect relief so as to include all chattel mortgages, except those excluded by section 21. Although a debtor has no right to demand an extension on a chattel mortgage not connected with real property, he now has the possibility of an extension by non-action on the part of the creditor. It is no answer to say that a willing creditor by agreement could extend this right to his debtor without a statute. In the situation where there are junior liens and the holders thereof will not agree to a postponement, a statutory extension of the time within which the holder of the first lien must sue, such as is contained in section 20, aids the debtor. Section 20 carries out the main purpose of the entire statute, namely, aid to debtors. We conclude that whether the mortgagor applied or was entitled to apply for a postponement is not controlling in determining whether the terms of section 20 include all chattel mortgages.

█ The act by its title refers to "certain chattel mortgages." We are not convinced that the word "certain" refers to "chattels attached to real property." On the contrary, the exceptions that do not come within the act are listed in section 21.

In adopting respondent's views, we are conforming to the trend indicated in the opinions previously cited; that is, primarily to protect the debtor, but in attaining that object the creditor should not be placed in a position where the debtor may avoid a just obligation. To adopt appellants' view, it would be necessary to judicially legislate the words "attached to real property" and other terms found in other sections into section 20. The unambiguous language of the Legislature forbids such interpolation.

The judgment is affirmed.

Peters, P. J., and Knight, J., concurred.