FILED

OCT 23 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JACOB WINDING, dba Top to Bottom Cleaning Service, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> NDEX WEST, LLC, as Trustee; et al., <br><br> Defendants - Appellees. | No. 11-16506 <br><br> D.C. No. 1:10-cv-02026-AWI-DLB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted October 15, 2013[**]

Before:    FISHER, GOULD, and BYBEE, Circuit Judges.

Jacob Winding, dba Top to Bottom Cleaning Service, appeals pro se from

the district court's judgment dismissing his action alleging fraud and other claims

arising from foreclosure proceedings.  We have jurisdiction under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1291.  We review de novo.  *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).  We affirm.

The district court properly dismissed Winding's claim for declaratory relief because Winding failed to allege facts showing that he held a lien in a senior position of priority to defendants' lien.  *See* Cal. Civ. Code § 1214 (the date of recording determines priority of liens in California); *see also O'Meara v. DeLamater*, 126 P.2d 671, 672 (Cal. Ct. App. 1942) ("[A]ssignment back to the maker of the note and mortgage merge[s] the equitable title with the legal title and extinguishe[s] the mortgage.").

The district court properly dismissed Winding's claims for fraud and cancellation of instruments because Winding failed to allege facts showing that defendants misrepresented the priority of their lien.  *See Lazar v. Superior Court*, 909 P.2d 981, 984 (Cal. 1996) (elements of fraud under California law).

The district court did not abuse its discretion in granting Wells Fargo's request for judicial notice because the court properly examined the requested documents and determined that their accuracy could not reasonably be questioned. *See* Fed. R. Evid. 201; *Ritter v. Hughes Aircraft Co.*, 58 F.3d 454, 458 (9th Cir. 1995) (standard of review).

The district court did not abuse its discretion in granting Wells Fargo's motion to strike Winding's claim for punitive damages because Winding did not allege facts demonstrating malice, oppression, or fraud. *See* Cal. Civ. Code § 3294 (requirements for punitive damages under California law); *Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000) (standard of review).

The district court did not abuse its discretion in awarding attorney's fees for Wells Fargo's successful motion to expunge the notice of lis pendens. *See* Cal. Civ. Proc. Code § 405.38 (directing the award of attorney's fees to a prevailing party on a motion concerning expungement unless the party opposing the motion acted with substantial justification or other circumstances make the award unjust); *Hemmings v. Tidyman's, Inc.*, 285 F.3d 1174, 1200 (9th Cir. 2002) (standard of review).

We lack jurisdiction to review the post-judgment award of attorney's fees filed on November 1, 2011. *See Culinary & Serv. Emps. Union, AFL-CIO Local 555 v. Haw. Emp. Benefit Admin., Inc.*, 688 F.2d 1228, 1232 (9th Cir. 1982) ("Where no notice of appeal from a post-judgment order awarding attorneys' fees is filed, the court of appeals lacks jurisdiction to review the order.").

11-16506

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Winding's contention that he was denied effective assistance of counsel is unpersuasive. *See Nicholson v. Rushen*, 767 F.2d 1426, 1427 (9th Cir. 1985) (per curiam) ("Generally, a plaintiff in a civil case has no right to effective assistance of counsel.").

Winding's motion for leave to file an oversized reply brief is granted, and we instruct the Clerk to file the reply brief submitted on September 4, 2012.

**AFFIRMED.**