[Civ. No. 6796.   Second Appellate District, Division Two.—June 23, 1931.]

JAMES STEINER, Appellant, v. GOODYEAR TIRE AND RUBBER COMPANY OF CALIFORNIA (a Corporation) et al., Respondents.

Anna O'Keefe for Appellant.

A. G. Ritter for Respondents.

CRAIG, Acting P. J.—A demurrer having been sustained without leave to amend, the plaintiff appealed.

The appellant was injured during the month of September, 1925, while in the employ of the respondent corporation, by an iron bar which fell from the hands of another employee who worked above him. Respondent Cheney, a physician and surgeon, about three years thereafter, examined appellant, pursuant to agreement and at the instance and request of the latter and his employer, as a result of which examination another surgeon performed an operation upon appellant's head for depressed fractures. It was alleged by the complaint that respondent company also agreed to have experts determine the nature of appellant's injuries and report the same to the surgeon employed by it to perform said operation; that as a result of such agreement the operation was so performed under the direction of the respondents; that the respondent company and Doctor Cheney conducted the examination so negligently that they failed to discover one depressed fracture, and failed to inform the operating surgeon thereof, as a result of which negligence it was not relieved. It is not alleged, nor does appellant remotely infer that the Goodyear Tire and Rubber Company of California was authorized to exercise or assume a sixth sense invading the realm of diagnostics; nor is it alleged or even suggested that the existence, location or nature of the asserted latent fracture could have been discovered by one endowed with surgical skill of a degree disproportionate to the supernatural. It is not contended that the respondent corporation failed to employ the best medical and surgical attendants available, nor that the respondent physician was not possessed of, or did not exercise, that degree of care, skill and learning ordinarily possessed and exercised by physicians and surgeons practicing their profession in the same or a similar locality. More than this could

not be required. (*Nicholas* v. *Jacobson*, 205 Cal. 577 [271 Pac. 1057].) ██ However, questions of fact are not within the purview of appellate courts in reviewing rulings upon the judgment-roll. That the complaint was insufficient is apparent. That the respondents did not afford the appellant that degree of care, skill and learning contemplated by their contract and to which he was legally entitled, we are unable to hold as a matter of law.

██ It is insisted by respondent that in the absence of an application for leave to amend a pleading, no abuse of discretion in sustaining a demurrer without leave to amend is shown if the allegations are such as to make it reasonably certain that it could not have been amended truthfully so as to state a cause of action. But we are unable to say that existing facts rendered amendment in the instant case impossible. "It cannot be presumed that the plaintiff asked leave to amend in advance of the ruling upon the demurrers, and the order denying his right to amend having been made, and excepted to by force of the statute (Code Civ. Proc., sec. 647), it could not be required that he should move to vacate or modify it in order to have the point reviewed upon appeal." (*Schaake* v. *Eagle Automatic Can Co.*, 135 Cal. 472 [67 Pac. 759].) It may be that the plaintiff was precluded by the order of the trial court from supplying the requisite adequate facts to constitute a cause of action.

██ The respondents further contend that the action was barred by a previous proceeding in this court sustaining the action of the industrial commission. This contention is untenable. (*Smith* v. *Golden State Hospital*, 111 Cal. App. 667 [296 Pac. 127].)

The judgment from which the appeal was taken is reversed, and the trial court directed to permit the plaintiff to amend.

Thompson (Ira F.), J., and Archbald, J., *pro tem.,* concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 22, 1931, and a petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 20, 1931.