[Civ. No. 9635. Second Appellate District, Division Two.—May 27, 1935.]

HOWARD A. CUMMING, Appellant, v. PASQUALE R. AURIEMMA, Respondent.

Pelton & Warne and Bernard E. Hill for Appellant.

W. I. Gilbert for Respondent.

CRAIL, J.—This is an appeal by plaintiff from a judgment in favor of the defendant, a physician, in an action for damages for malpractice. The plaintiff alleged in his complaint that his right eye was injured in an industrial accident; that upon direction of his employer he took treatment for his injury from the defendant; that the defendant was guilty of malpractice in his treatment of the plaintiff resulting in the loss of plaintiff's eye. The defendant, by way of answer, denied the allegations of the complaint and alleged contributory negligence. On the morning of the trial and after both sides had answered ready, the defendant filed an amendment to his answer in which he alleged as a second defense that the plaintiff, under and by virtue of the California Workmen's Compensation Act, had applied for and received full workmen's compensation for his injuries and all the proximate consequences thereof including injuries for which recovery was being sought in this action, and that under the terms of that act the trial court was divested of jurisdiction over the subject-matter of the action. The defendant then suggested that plaintiff stipulate to the facts set up in the amendment and that the issue of law raised therein be presented to the court before proceeding further with the trial and expressly stated that such procedure might save considerable time. To this the plaintiff consented and the court excused the jury for the purpose of hearing argument. The argument lasted two days, and the court then indicated that it would rule in favor of the defendant that it was without jurisdiction over the subject-matter of the action and dismiss it, but it did not do so. Thereafter the plaintiff by leave of court and stipulation of the defendant demurred generally to the said amendment to the answer. The court overruled the demurrer.

It will be remembered that the facts set forth in the second defense were admitted. Under the circumstances a trial court would have ordinarily entered a judgment of dismissal for lack of jurisdiction, but in this case the court requested plaintiff to proceed with his evidence or to rest his case. The plaintiff declined to introduce his evidence upon the ground then stated, that to try the issues of fact was useless procedure where the outcome of the case had already been decided by the court on an issue of law. The court

210

thereupon ruled that plaintiff had rested and permitted an exception to the ruling. Thereupon the defendant rested and moved the court to direct a verdict in his favor. This motion was granted. The verdict was returned and judgment was entered accordingly in favor of the defendant. The plaintiff's appeal is from this judgment.

The court adopted an inconsistent attitude and made the inconsistent ruling that the trial must proceed on the merits even though its order declaring its lack of jurisdiction was still in effect. We are satisfied that for all practical purposes there could be no trial of the case on the merits after the court had already determined and continued to maintain by its ruling on the demurrer that the defendant was entitled to a judgment of dismissal. We are satisfied that plaintiff was not afforded a fair trial. The anomalous situation in which the plaintiff suddenly found himself left him confused as to how to proceed and resulted in a miscarriage of justice.

While the ruling on the demurrer is not an appealable order, the appeal from the final judgment brings before this court for review the ruling of the court on the demurrer.

The defendant does not even argue in this court the validity of his second defense or the lack of the court's jurisdiction over the subject-matter of the action or the correctness of the court's ruling on the demurrer; and we do not have the benefit of defendant's research and learning in this regard. As the case must go back to the superior court for a retrial, it is our duty to determine the question, however, and our conclusion is that the defense of lack of jurisdiction was without merit and that the general demurrer thereto should have been sustained. (*Smith* v. *Golden State Hospital,* 111 Cal. App. 667 [296 Pac. 127] ; *Steiner* v. *Goodyear Tire etc. Co.,* 115 Cal. App. 162 [300 Pac. 980].)

Judgment reversed.

Stephens, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 25, 1935, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 25, 1935.