[Civ. No. 9700. First Appellate District, Division Two.—November 7, 1935.]

H. H. BECHTEL, Appellant, v. J. V. NELSON et al., Respondents.

Tobias J. Bricca, C. H. White, Crozier C. Culp and McKee, Tasheira & Wahrhaftig for Appellant.

Marshall Rutherford for Respondents.

NOURSE, P. J.—This is an appeal by the plaintiff from a judgment of the superior court awarding him $989.75 in an action to recover a deficiency due on a promissory note after a sale under a deed of trust on real property securing the note. There is no dispute as to the facts. The claims of the respective parties are: plaintiff claims that he should have had judgment for $7,489.75, which is the difference between the amount due on the note and the amount bid at the sale of the property; the defendants claim that they were entitled to show the fair market value of the property at the time of the sale under the provisions of section 580a of the Code of Civil Procedure and thus limit the plaintiff's recovery to the difference between the amount due under the note and such market value. The trial court, adopting the view of the defendants, found that the fair market value of the property at the time of the sale was $14,000, that the amount due at the time of the sale was $14,989.75, and gave judgment for plaintiff for the difference between these figures. The property was sold at a trustee's sale under the deed of trust for the sum of $7,500 and the difference between this sum and the amount then due represents the amount claimed by the plaintiff.

There is just one question of law presented by the appeal which requires discussion and that is the application of section 580a of the Code of Civil Procedure to a deed of trust executed prior to, and under which a sale has been conducted prior to, the effective date of that section. The statute was enacted at the session of 1933 and became effective

on August 21, 1933. The note and deed of trust involved herein were executed on May 4, 1928, and the trustee's sale thereunder was held on January 3, 1933. The statute in general provides that the deficiency judgment following a sale under a deed of trust must be limited to the sum by which the amount due exceeded the fair market value of the property at the date of sale.

We hold that the statute is not retroactive for two reasons —the legislature did not so declare it, and a retroactive application would be an impairment of contractual obligations. In *Bennett* v. *Superior Court,* 5 Cal. App. (2d) 13 [42 Pac. (2d) 80], a case involving the precise question, it was held that the substantive right of the beneficiary under the trust deed to be repaid the entire amount of the indebtedness had accrued before the section became effective and that the attempt to limit recovery of a deficiency to the fair market value of the property was an impairment of the obligation of the contract. The court distinguished a case of this character from *Home Bldg. & Loan Assn.* v. *Blaisdell,* 290 U. S. 398 [54 Sup. Ct. 231, 78 L. Ed. 413, 88 A. L. R. 1481], involving the so-called Minnesota Moratorium Act wherein the payment was deferred but not nullified. Reference was also made to *W. B. Worthen Co.* v. *Thomas,* 292 U. S. 426 [54 Sup. Ct. 816, 78 L. Ed. 1344, 93 A. L. R. 173], where the Supreme Court held that the reserve or police power of the state to defer payments during financial emergencies must be in harmony with the constitutional limitations and did not permit a state to adopt as its policy the repudiation of debts and the destruction of contracts or the denial of means to enforce them. The rule of the Bennett case was followed in *California Trust Co.* v. *Smead Inv. Co.,* 6 Cal. App. (2d) 432 [44 Pac. (2d) 624], and in *Wilson* v. *Superior Court,* 8 Cal. App. (2d) 14 [47 Pac. (2d) 331].

For these reasons the judgment is reversed with directions to the trial court to enter judgment for the plaintiff in accord herewith.

Sturtevant, J., and Spence, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 6, 1936.