[Civ. No. 2016. Fourth Appellate District.—August 18, 1937.]

N. CHRISTINA, Appellant, v. KATIE I. HIGHTOWER, Respondent.

Louis Ferrari, Edmund Nelson, Howard Waterman, Freston & Files and Ralph E. Lewis for Appellant.

R. M. Switzler for Respondent.

BARNARD, P. J.—This is an action for a deficiency after a sale under a trust deed. A demurrer to the complaint was sustained and the plaintiff has appealed from the judgment of dismissal.

The note, which came due on November 12, 1932, was not paid and the property was sold under the provisions of the trust deed on June 26, 1933. This action was begun on October 9, 1936.

The only question here presented is whether this action is barred by the provisions of section 580a of the Code of Civil Procedure and the amendment to section 337 of that Code, both adopted in 1933, which limit the time for bringing such an action to three months after the time of the sale. It will be noted that the sale here in question took place about two months before these 1933 amendments went into effect.

We think the question as to whether these amendments are applicable in such a case is now settled. (*Bank of America etc. Assn.* v. *Dennison,* 8 Cal. App. (2d) 173 [47 Pac. (2d) 296]; *Bank of America etc. Assn.* v. *Hirsch,* 13 Cal. App. (2d) 681 [57 Pac. (2d) 521].)

The respondent argues that since the appellant had a reasonable time between the effective date of the statute and three months after the sale in which to bring an action for a deficiency the principles laid down in the case of *Rosefield Packing Co.* v. *Superior Court,* 4 Cal. (2d) 120 [47 Pac. (2d) 716], are here controlling. In that case an amendment to section 583 of the Code of Civil Procedure shortening the time within which an action must be brought to trial was involved. It was pointed out that that statute was by its own terms made retroactive and that no question of interpretation remained. The court considered only the power of the legislature to make such a statute retroactive and held that it could be made applicable to pending proceedings provided a reasonable time was permitted to a party in which to avail himself of his remedy before the bar of the statute took effect.

In the instant case we are concerned not with the power of the legislature to make these statutes applicable to sales which had taken place before their effective date, but with the meaning and intention of the statutes as disclosed by the language used, the question being one of interpretation. We regard the case of *Bank of America etc. Assn.* v. *Dennison, supra,* as controlling on this question, both by way of precedent and because of the reasoning therein used. We therefore hold that this cause of action was not barred by these statutory enactments and it follows that the court erred in sustaining the demurrer.

The judgment is reversed and the cause remanded with directions to the trial court to overrule the demurrer and to permit the respondent to answer if she so desires.

Jennings, J., concurred.