[Civ. No. 10893. First Appellate District, Division Two.—March 7, 1939.]

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), Respondent, v. BURG BROS. (a Corporation) et al., Appellants.

Phil F. Garvey for Appellants.

McKee, Tasheira & Wahrhaftig, Louis Ferrari, G. D. Schilling, C. H. White and D. Bianco for Respondent.

NOURSE, P. J.—Plaintiff sued to recover deficiencies remaining after trustee's sales under four separate deeds of trust. From the judgment for plaintiff the defendants appealed on the grounds that the trial court failed to apply the provisions of sections 580a of the Code of Civil Procedure and 2924½ of the Civil Code, both enacted in 1933. It is the position of respondent that, since the deeds of trust were all executed prior to the enactment of these code sections, the rights of the parties are governed by the law existing at the time of the contracts.

Section 580a of the Code of Civil Procedure provides generally that before entering any deficiency judgment, the court shall find, through the appointment of an appraiser, the fair market value of the property at the time of the sale and enter its judgment for not more than the excess of the entire amount due over such fair market value, with interest. Section 2924½ of the Civil Code precludes the entry of a deficiency judgment unless one year, as distinguished from the former period of three months, has elapsed between the recordation of the notice of breach and election to sell and the date of sale under a deed of trust. In the instant case all the deeds of trust were executed prior to the effective date of these statutes, but all sales thereunder were made subsequent to such date. The single question involved, therefore, is whether these statutes have a retroactive operation upon deeds of trust executed before their effective date.

In holding that they did not so operate, the trial court based its decision upon numerous authorities of the courts of this state which are all reviewed in the very able opinion of Mr. Justice Haines, sitting *pro tempore* in *Birkhofer* v. *Krumm*, 27 Cal. App. (2d) 513, 533 [81 Pac. (2d) 609]. We cannot improve upon the language or the reasoning of that opinion and may adopt its summarization of the effect of section 580a reading: "its provisions looking toward the limitation of deficiency judgments to the difference between the whole indebtedness and what the court may find to have been the fair market value of the real property by which, prior to the sale, the indebtedness was secured, have uniformly been held inapplicable to contracts made before the effective date of the code section, regardless of whether the sale of the security was had before or after such effective date". With

equal clarity the court in the Birkhofer case disposed of section 2924½ of the Civil Code and held, on the authority of *Brown* v. *Ferdon,* 5 Cal. (2d) 226 [54 Pac. (2d) 712], that the section did not apply to preexisting contracts under circumstances such as are presented in the instant case.

The appellants, however, insist that all these authorities must fall before the rule announced in *Richmond Mtg. & L. Corp.* v. *Wachovia B. & T. Co.,* 300 U. S. 124 [57 Sup. Ct. 338, 81 L. Ed. 552, 108 A. L. R. 886]. Mr. Justice Haines, however, clearly analyses the differences in the situation under the California law and that under the laws of North Carolina where the Wachovia case arose. Of particular significance are the provisions of the North Carolina procedure subjecting such sales to judicial control and judicial approval and exempting the restrictions upon deficiency judgments where the sale is less than the ascertained fair market value from all those proceedings wherein the obligee has elected to pursue his alternative statutory remedy by foreclosure in equity and sale under process of the court. This distinction is also recognized in *Miller* v. *Hart,* 11 Cal. (2d) 739 [81 Pac. (2d) 923], where a similar alternative remedy was held to be optional with the obligee and for that reason not in conflict with the substantive rights of the creditor existing under a trust deed at the time of its execution.

While the court in the Birkhofer case (as well as those in the cases therein cited) is content to rest its decision on the ground that a retroactive application of the statue would invade the constitutional rights of the obligee, all those decisions might well rest upon the firmer foundation that the legislature did not intend that the statute should operate retroactively. It has long been the rule of this state that no statute shall be held retroactive unless such intention clearly appears. In the early case of *Higgins* v. *Bear River & A. W. & Min. Co.,* 27 Cal. 153, 159 (decided in 1865), the Supreme Court said: "It is a rule never to apply a statute retrospectively by mere construction . . . all laws are to be construed according to the intention of the legislature, and in getting at that intention courts must presume a prospective and not a retrospective operation was meant *unless such presumption is repelled by express words.*" (Emphasis ours.) In the comparatively recent case of *Jones* v. *Union Oil Co.,* 218 Cal. 775, 777, 778 [25 Pac. (2d) 5], the court reaffirmed

this rule to the extent that, "It is settled that every statute will be construed to operate prospectively unless the legislative intent to the contrary is clearly expressed. . . . The rule that a statute is presumed to operate prospectively only, *unless an intent to the contrary clearly appears,* is especially applicable to cases where retroactive operation of the statute would impair the obligations of contracts or interfere with vested rights." (Emphasis ours.) To this rule of construction must be added the further observation that legislation of this type affecting legal procedure in the protection and enforcement of substantive rights in property must be presumed to have been enacted in conformity to and in harmony with constitutional restrictions and the judicial pronouncements heretofore noted. Hence, when the legislature enacted the code sections herein referred to and gave no intimation of an intention to make them act retrospectively so as to deprive the lender of a substantive right in a prior contractual obligation, we must presume that it did not intend that the legislation should have such retrospective operation.

For these reasons the judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.