[Civ. No. 12211.   Second Appellate District, Division Two.—June 13, 1939.]

JUSTUS F. CRAEMER, as State Building and Loan Commissioner, etc., Respondent, v. NORTON REALTY COMPANY (a Corporation), Appellant.

Mitchel S. Meyberg for Appellant.

Robert Lee Collins for Respondent.

WOOD, Acting P. J.—Plaintiff commenced this action to recover a judgment for a deficiency remaining after a trustee's sale of real property which had been made security under the terms of a promissory note and trust deed. The trial court granted plaintiff's motion to strike defendant's answer and rendered judgment for plaintiff. Defendant appeals from the judgment and from the order striking the answer.

The note and trust deed in question were dated November 8, 1929. Defendant became delinquent in its payments and on April 28, 1938, plaintiff exercised the option given in the note and trust deed and declared the full amount of the indebtedness immediately due and payable. Notice of default and election to sell was recorded on May 2, 1938, and after due publication of notice the property secured by the deed of trust was on August 8, 1938, sold at public auction by the trustee. It is alleged in the answer that plaintiff and the trustee failed to record notice of breach and election to sell

one year before the date of the sale, as provided in section 2924½ of the Civil Code.

Defendant concedes that the Supreme Court of California decided the point involved adversely to his contention in *Brown* v. *Ferdon*, 5 Cal. (2d) 226 [54 Pac. (2d) 712], wherein it was held that the application of the provisions of section 2924½, enacted in the year 1933, to deeds of trust executed before the effective date of the statute would be violative of the constitutional inhibition against the impairment of the obligation of a contract since under the statute in force at the time of the execution of the note and trust deed a sale could be made after notice of only three months. Defendant argues, however, that the decision of the Supreme Court of the United States in *Richmond Mortgage & Loan Corp.* v. *Wachovia Bank & Trust Co.*, 300 U. S. 124 [57 Sup. Ct. 338, 81 L. Ed. 552, 108 A. L. R. 886], a case which called for the construction of the statutes of North Carolina, compels a reversal of the decision in *Brown* v. *Ferdon, supra.* The same contention was made in *Birkhofer* v. *Krumm*, 27 Cal. App. (2d) 513 [81 Pac. (2d) 609], where the court carefully reviewed the authorities and the statutes of North Carolina and of California and held that the rule of *Brown* v. *Ferdon, supra,* should be followed. The same conclusion was reached in *Bank of America Nat. T. & S. Assn.* v. *Burg Bros.*, 31 Cal. App. (2d) 352 [88 Pac. (2d) 196], wherein Mr. Presiding Justice Nourse, speaking for the court, after referring with approval to the discussion and conclusions of Mr. Justice Haines in the *Birkhofer* v. *Krumm* case, added the additional point that the issue in the Birkhofer case "might well rest upon the firmer foundation that the legislature did not intend that the statute (sec. 2924½) should operate retroactively". On the authority of these decisions the judgment must be affirmed.

The judgment is affirmed. The appeal from the order striking defendant's answer is dismissed.

McComb, J., concurred.