[Civ. No. 10529. First Appellate District, Division One.—August 11, 1939.]

LOUIS C. DRAPEAU, as Building and Loan Commissioner, etc., Appellant, v. NICOL SMITH et al., Respondents.

Walter Carrington, Louis Oneal and C. E. Luckhardt for Appellant.

John E. Manders and Bullock & Manders for Respondents.

PETERS, P. J.—Plaintiff appeals from a judgment entered upon the sustaining of a demurrer to his complaint to recover a deficiency judgment after sale under a deed of trust.

So far as pertinent here, the complaint alleges that on September 20, 1932, defendants made, executed and delivered to plaintiff their promissory note in the sum of $19,800.00, and a deed of trust securing the same; that on November 12, 1936, the note and deed of trust being in default, and after recordation of a notice of breach and election to sell, a trustee's sale of the real property covered by the deed of trust was had for $16,000.00; that after applying the sale price to the various charges then due there remained a deficiency of $7,304.27. The defendants demurred to this complaint. The

trial court sustained the demurrer on the ground the complaint failed to allege compliance with sections 580a and 580b of the Code of Civil Procedure as amended in 1933. On this appeal respondents concede that section 580b of the Code of Civil Procedure has no application, but contend that compliance with section 580a was necessary as a condition precedent to instituting the present action. Section 580a provides generally that in an action for a deficiency judgment, the complaint must allege the amount of the indebtedness secured by the deed of trust at the time of sale, the amount for which the real property was sold, *and the fair market value thereof at the date of sale,* and the date of such sale. The section then limits recovery to the difference between the amount of the indebtedness and the fair market value of the property on the day of sale. The present complaint fails to allege the fair market value of the property on the day of the sale, and it was for this defect that the trial court sustained the demurrer.

Respondents concede that where the deed of trust and the sale thereunder both antedate the enactment of section 580a, the section has no application. This is in accordance with the decided cases. (*Central Bank of Oakland* v. *Proctor,* 5 Cal. (2d) 237 [54 Pac. (2d) 718]; *Bennett* v. *Superior Court,* 5 Cal. App. (2d) 13 [42 Pac. (2d) 80]; *Bank of America etc. Assn.* v. *Dennison,* 8 Cal. App. (2d) 173 [47 Pac. (2d) 296]; *Bechtel* v. *Nelson,* 10 Cal. App. (2d) 66 [51 Pac. (2d) 99]; *Smith* v. *Davis,* 10 Cal. App. (2d) 487 [52 Pac. (2d) 515]; *Rosenberg* v. *Janssen,* 11 Cal. App. (2d) 15 [52 Pac. (2d) 952, 54 Pac. (2d) 721].) It is respondents' theory, however, that where the deed of trust was executed prior to 1933, but the sale takes place thereafter, that section 580a is applicable, on the theory that the cause of action for the deficiency does not arise until the time of sale. At the time this cause was before the trial court this point had not been passed upon by the appellate courts of this state. Subsequently, the appellate courts in several cases, definitely held that section 580a has no application to any mortgage or deed of trust executed prior to its passage regardless of whether the sale is had before or after 1933. (*Birkhofer* v. *Krumm,* 27 Cal. App. (2d) 513 [81 Pac. (2d) 609]; *Bank of America etc. Assn.* v. *Burg Bros.,* 31 Cal. App. (2d) 352 [88 Pac. (2d) 196]; *Craemer* v. *Norton Realty Corp.,* 33 Cal.

App. (2d) 340 [91 Pac. (2d) 644].) These cases are based on two theories: (1) That the rights of the parties are fixed on the date the deed of trust or mortgage is executed, and that to give retroactive· effect to the section would invade the constitutional rights of the obligee; and (2) that there is nothing in section 580a to indicate that the legislature intended the section to operate retroactively, and, therefore, it should be interpreted to operate prospectively. Both theories are sound. These cases also thoroughly distinguish the case of *Richmond Mtg. & L. Corp.* v. *Wachovia B. & T. Co.*, 300 U. S. 124 [57 Sup. Ct. 338, 81 L. Ed. 552, 108 A. L. R. 886], relied upon by respondents. It would serve no useful purpose to repeat the discussion found in these cases. Upon the authority of the three cases cited *supra*, it must be held that section 580a has no application to this case.

It should be mentioned that this case does not involve the question as to whether the provision of section 580a requiring any action for a deficiency to be brought within three months from the date of sale, is applicable. Here, the complaint alleges that the sale took place on November 12, 1936, and · the clerk's transcript shows that the complaint was filed on November 19, 1936. Under either the old or new statute of limitations the action was commenced in time.

For the foregoing reasons the judgment appealed from is reversed.

Knight, J., and Ward, J., concurred.