[Civ. No. 11285. First Appellate District, Division One.—April 26, 1940.]

ALFRED C. WATTS et al., Appellants, v. JAY E. CURRIE et al., Defendants; A. H. LAURSEN et al., Respondents.

616

George L. Hampton for Appellants.

Henry O. Wackerbarth for Respondents.

KNIGHT, J.—The plaintiffs, Alfred C. and Louisa Watts, appeal from a judgment of dismissal based on an order sustaining a demurrer to the complaint without leave to amend.

The action was to foreclose a mortgage on real property given to secure the payment of a promissory note for $10,-000. The parties defendant were Jay E. and Helen N. Currie, the makers of the note and mortgage, and the respondents A. H. and Mettie C. Laursen who subsequently acquired

the encumbered property and against whom appellants sought to recover a personal judgment for the full amount of the note and interest. The demurrer, which was sustained, was interposed by the respondents. The grounds thereof were that as to them the complaint did not state facts sufficient to constitute a cause of action, and that the cause of action was barred by subdivision 1 of section 337 of the Code of Civil Procedure. It appears from the complaint that the promissory note was dated July 25, 1928, and made payable three years after date. Consequently it fell due on July 25, 1931, and under the provisions of said code section the period of time to commence an action thereon expired on July 25, 1935; but the complaint was not filed until March 10, 1937. Appellants concede, therefore, ''that the cause of action declared upon in the complaint would be barred by the code section just referred to, unless the time within which to file suit thereon has been extended by some other provision of law''; and in this regard appellants contend that the case is taken out of the operation of said code section by section 19 of the Moratorium Act of 1935 relating to debtors and guarantors (Stats. 1935, p. 1208; Act 5104a, Deering's General Laws, 1935 Supp.), which provides that ''Whenever the time within which an action may be commenced upon any obligation founded upon a written instrument secured by mortgage, . . . would expire by virtue of section 337 of the Code of Civil Procedure . . . or any other provision of law, during the period commencing with the effective day of this act (June 21, 1935) and ending on February 1, 1937, such time is hereby extended so as not to expire until the first day of July, 1937.'' However, section 20 of the same act declares that ''Nothing contained in this act shall apply to or be deemed to affect: . . . (d) any mortgage or deed of trust securing an obligation in default at the time the owner or owners acquired title by purchase subsequent to the effective date of this act''; and here the complaint contained no allegations whatever showing when respondents acquired the encumbered property, or whether or not at the time it was acquired by them the mortgage was in default. The only allegation in the entire complaint tending to connect respondents at all with the ownership was the following: ''X. That the plaintiffs are informed and believe and therefore allege that at the time the defendants A. H. Laursen and Mettie C. Laursen acquired title to the property described

in said mortgage, they assumed and agreed to pay the indebtedness represented by the aforesaid promissory note and mortgage.'' Therefore, since it affirmatively appeared from the face of the complaint that as to respondents the cause of action sued upon was barred by the provisions of said section 337 of the Code of Civil Procedure, and no facts whatever were alleged to take the case out of the operation of that code section, the trial court's ruling sustaining respondents' demurrer was obviously proper. If the facts warranted, the complaint doubtless could have been amended so as to obtain the benefit of the extension of time afforded by the Moratorium Act. ■ But no claim is made by appellants that they asked or made any attempt to amend after the court ruled on the demurrer; and the law was well settled at the time this action was pending that where a defective complaint could be cured by amendment, the fact that the demurrer was sustained without leave to amend does not constitute reversible error in the absence of a request or application by a plaintiff for such permission. (*Haddad* v. *McDowell*, 213 Cal. 690 [3 Pac. (2d) 550].)

■ Appellants contend that as plaintiffs they were not required to plead facts to bring respondents within the terms of the act; but rather that it was incumbent on respondents to plead facts by way of answer, as matters of defense, showing that their status did not fall within the terms of said act. It is fundamental, however, that if a plaintiff seeks to fasten a liability upon a defendant through the medium of a particular statute, he must allege sufficient facts in his complaint to bring the defendant within the scope of the statute; and that until he does so the defendant is not called upon to plead facts to take him out of the operation of the statute.

■ Appellants make the further contention, that the Moratorium Act created a new statute of limitations, and that if the action here was barred at all it was barred by the provisions of that act and not by those of section 337 of the Code of Civil Procedure. It is argued therefore that since the demurrer herein was based on the code section and no mention made of said act, the demurrer was improperly sustained. As will be seen, however, from the wording of said section 19, the act does not purport to create a new statute of limitations, but by express terms merely extends the limitation of time fixed by said code section 337, in certain cases.

It follows, therefore, that unless the complaint contains allegations of fact to bring the case within the extension period thus granted by said act, the provisions of the Code section are controlling.

■ It is also urged that the complaint was invulnerable against attack by general demurrer. In this regard appellants state in their reply brief that ''while it is, no doubt, true that a special demurrer would have been proper, we feel confident that the matter could not be reached by a general demurrer''. As already shown, however, it affirmatively appeared from the face of the complaint, without qualification, that the cause of action, as to these respondents, was barred by the provisions of said code section 337. The form of demurrer interposed was therefore legally sufficient to raise the point.

The conclusion reached on the matters above discussed makes it unnecessary to inquire into the remaining points relied upon by respondents in support of the trial court's ruling.

The judgment is affirmed.

Peters, P. J., and Ward, J., concurred.