[Civ. No. 11175. First Appellate District, Division Two.—May 17, 1940.]

DANIEL READ, Respondent, v. MILLS BUILDING COM-
PANY (a Corporation), Appellant.

Morrison, Hohfeld, Foerster, Shuman & Clark and Noel A. Troy for Appellant.

David C. Dutton and Snook, Snook & Chase for Respondent.

SPENCE, J.—This is an appeal by defendant from a judgment in favor of plaintiff in an action brought to recover a deficiency judgment on certain bonds issued by defendant.

The bonds in question were secured by a deed of trust and, after default, the trust property was sold by the trustee on August 27, 1936. Plaintiff's action to recover the deficiency was not commenced until June 17, 1937, being approximately ten months after the time of the sale. Defendant interposed several defenses including the defense that the action was barred by the provisions of section 580a and of subdivision 1 of section 337 of the Code of Civil Procedure. The trial court found that the action was not so barred and entered its judgment in favor of plaintiff.

One of the main questions involved on this appeal is stated by defendant as follows: "Is an action for a deficiency judgment on bonds issued by a corporation and sold to the public and secured by a trust deed which is not commenced within three months after the date of sale under the trust deed barred by section 580a and subdivision 1 of section 337 of the Code of Civil Procedure"? Defendant contends that said question should be answered in the affirmative and we are of the opinion that this contention must be sustained.

Section 580a of the Code of Civil Procedure, relating to actions for deficiency judgments, was enacted in 1933 and provides in part, "Any such action must be brought within three months of the time of sale under such deed of trust or mortgage." Subdivision 1 of section 337 of the Code of Civil Procedure, relating to actions on obligations founded on instruments in writing, was amended in the same year and the proviso then added reads as follows: "provided that the time within which any action for a money judgment for the balance due upon an obligation for the payment of which a deed of trust or mortgage with power of sale upon real property or any interest therein was given as security, following the exercise of the power of sale in such deed of trust or mortgage, may be brought shall not extend beyond three

months after the time of sale under such deed of trust or mortgage''. Said section 580a and certain other sections were reenacted in 1935 for the purposes expressed in section 9 of chapter 650 of the statutes of that year but such reenactment is of no importance in this discussion.

Plaintiff apparently concedes that if there had been no further legislative enactments, said sections would have barred the present action even though the bonds and deed of trust had been executed prior to 1933. (*Palo Alto Mutual B. & L. Assn.* v. *Cook,* 17 Cal. App. (2d) 193 [61 Pac. (2d) 499]; *Reynolds* v. *Jensen,* 14 Cal. App. (2d) 558 [58 Pac. (2d) 687].) He relies, however, on chapter 614 of the Statutes of 1935 and argues that his action was not barred by the three months' limitation found in the above-mentioned sections. We will set forth the provisions of said chapter 614 of the Statutes of 1935, omitting only subdivision 2 of section 337, which has no application here. Said chapter reads as follows:

''Section 1. A new section is hereby added to the Code of Civil Procedure to be numbered 336a, and to read as follows:

''336a. Within six years. 1. An action upon any bonds, notes or debentures issued by any corporation or pursuant to permit of the Commissioner of Corporations, or upon any coupons issued with such bonds, notes or debentures, if such bonds, notes or debentures shall have been issued to or held by the public. 2. An action upon any mortgage, trust deed or other agreement pursuant to which such bonds, notes or debentures were issued. Nothing in this section shall apply to bonds or other evidences of indebtedness of a public district or corporation.

''Sec. 2. Section 337 of the Code of Civil Procedure is hereby amended to read as follows:

''337. Within four years. 1. An action upon any contract, obligation or liability founded upon an instrument in writing, except as provided in section 336a of this code; provided that the time within which any action for a money judgment for the balance due upon an obligation for the payment of which a deed of trust or mortgage with power of sale upon real property or any interest therein was given as security, following the exercise of the power of sale in such deed of trust or mortgage, may be brought shall not ex-

tend beyond three months after the time of sale under such deed of trust or mortgage.''

 Plaintiff takes the position that since the enactment of said chapter 614, the only limitation upon any action on bonds, such as those involved here, is the limitation of six years found in the new section 336a of the Code of Civil Procedure. We believe this position to be untenable. The effect of the enactment of said chapter 614 was to change the general statute of limitations on actions upon certain bonds, notes, debentures and upon mortgages and deeds of trust securing the same to six years instead of four years after the maturity of such bonds, notes and debentures. In our opinion, said enactment did not affect in any manner the limitation of three months after the time of sale for the commencement of an action, such as the present one, for a deficiency judgment as prescribed by said section 580a and said subdivision 1 of said section 337.

If the legislature had changed from four years to six years the general statute of limitations prescribed by the original section 337 on all actions founded upon instruments in writing and had left unchanged all portions of said section 580a and of said subdivision 1 of said section 337 relating to actions for deficiency judgments, it would have been entirely clear that plaintiff's action for a deficiency judgment would have been barred as it was not brought within the prescribed three months' period. As we view the legislation in question, plaintiff is in no different position here than he would have been if such had been the legislation enacted. The legislature left entirely unchanged all portions of said sections relating to limitations on actions for deficiency judgments and merely changed the general statute of limitations with respect to actions on certain written instruments. The words ''except as provided in section 336a'', as found in the new subdivision 1 of said section 337, obviously prescribe an exception to the general four-year statute of limitations, but these words do not relate to or modify in any way the three months' limitation found in said subdivision 1 or the three months' limitation found in said section 580a, both of which limitations relate to actions for deficiency judgments. We cannot agree with plaintiff that the change made by said chapter 614 showed an intention on the part of the legislature to change the period of limitations on actions for deficiency judgments on bonds of the class under discussion.

In view of the conclusions which we have reached, it appears unnecessary to discuss the other points raised by defendant.

The judgment is reversed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 16, 1940. Carter, J., voted for a hearing.