[L. A. No. 17897.   In Bank.—Aug. 7, 1941.]

JOE GOLDENBERG, Appellant, v. MORRIS WILNER et al., Respondents.

John M. Dvorin and Prentiss Moore for Appellant.

Harriet Pugh for Respondents.

SHENK, J.—The plaintiff appealed from a judgment entered upon an order sustaining the defendants' demurrer to his complaint without leave to amend. The complaint shows the following:

On September 18, 1928, the defendants executed their note for $4,000 to the plaintiff's assignor. The note was due on September 12, 1930, and payment of the principal and interest was secured by a deed of trust on real property situated in Los Angeles County. The maturity date of the note was subsequently extended to March 12, 1932. The defendants defaulted in the payment of the principal,

the amount thereof was declared due and payable, and on June 15, 1933, the property was sold pursuant to the provisions of the trust deed for the sum of $2,200, leaving a balance still due and unpaid of $2,033.50. On January 25, 1940, the plaintiff brought the present action to recover judgment for the deficiency. The defendants interposed the defense of the statute of limitations. (Sec. 337, subd. 1, Code of Civil Procedure.)

It was and is the plaintiff's contention that the time within which an action may be brought to recover a deficiency judgment was extended by the provisions of the Mortgage and Trust Deed Moratorium Acts of 1935, 1937, and 1939 (Stats. 1935, pp. 1208, 1214 [Deering's Gen. Laws, 1935 Supp., Act 5104a]; Stats. 1937, pp. 57, 60, 460, 466 [Deering's Gen. Laws, 1937, Act 5101]; Stats. 1939, pp. 1045, 1051 [Deering's Gen. Laws, 1939 Supp., Act 5100].) The pertinent portion of those acts provided in substance that whenever the time within which an action might be commenced upon any obligation founded upon a written instrument secured by mortgage or deed of trust would expire by virtue of section 337 of the Code of Civil Procedure during the period commencing with the effective date of the particular act and ending on the date specified therein, the time was extended, so that if the provisions were applicable, the plaintiff's time for commencing the action herein would not expire until October 1, 1941.

The recent decision of this court in *Rust* v. *Hill*, 17 Cal. (2d) 517 [110 Pac. (2d) 657], is determinative of the question in this case. There the facts involved were the same, namely, the sale of the encumbered property took place prior to the effective dates of the moratorium acts relied upon, and the plaintiff sued to recover the deficiency after the expiration of the time limitation provided by section 337 subd. 1, of the Code of Civil Procedure, and after the moratorium acts went into effect. It was held that the moratorium acts as adopted by the legislature were not applicable to extend the time for the bringing of an action to recover a deficiency judgment in such a case. In view of the express objects to be attained by the moratorium acts it was determined that the creditor was not entitled to an extension of the time for bringing an action for a deficiency where the debtor had not had an opportunity to invoke the beneficial

provisions of the act for the reason that the power of sale was exercised before the acts became effective.

The demurrer was properly sustained.

The judgment is affirmed.

Gibson, C. J., Curtis, J., Edmonds, J., Carter, J., Traynor, J., and Pullen, J., *pro tem.*, concurred.