[Civ. No. 13435.   Second Dist., Div. One.   Aug. 31, 1942.]

FRANCES SALAS GRIFFIN, Appellant, v. C. L. PORTER et al., Defendants; DANIEL M. TRUE, as Executor, etc., et al., Respondents.

James Donovan for Appellant.

Leo B. George, in pro. per., for Respondents.

DRAPEAU, J. pro tem.—In this action for conversion of personal property, the trial court found the defendant had converted the property without lawful right so to do, and fixed plaintiff's damages at $800.   The court then found $732.34 due defendant from plaintiff as an offset growing out

of a sale under a deed of trust. Judgment was rendered for the plaintiff for $67.66, with costs for defendant. Plaintiff appeals from an order of the trial court denying a motion under section 663 of the Code of Civil Procedure to set aside and vacate the judgment above referred to and to substitute another and different judgment.

Plaintiff contends that the market value of the personal property was $4,000, which should have been the amount of the judgment, and that the court was in error in finding the offset due from plaintiff to defendant. The personal property involved consisted of furniture and furnishings of a one-story bungalow court.

■ In a duly settled bill of exceptions appears the following epitome of testimony before the court in respect to the value of the furnishings: November 5, 1935, the plaintiff paid $3,500 for the furnishings and shortly thereafter expended $1,500 in improving the same and in furnishing a new apartment; at the time of the conversion many of the items were no longer on the premises; all of the personal property was in poor condition and some of it unusable; and all of it was sold for $300. The furnishings were under constant and hard usage by subtenants of the court units, and were used up and wore out rapidly. In the opinion of one witness who bought them, they were worth not more than $200.

There is, therefore, substantial evidence in the record to support the finding by the trial court as to value of the property converted. (*Landegren* v. *Quilici*, 52 Cal. App. (2d) 213 [126 P. (2d) 141], and cases therein cited.)

■ We are unable to agree with that portion of the judgment which permitted the defendant to offset $732.34 against the value of the personal property. The offset thus claimed grows out of the following circumstances: When the action was commenced there were two defendants, one a lady, who was the owner of a promissory note secured by a trust deed upon the premises where the furnishings in question were located; the other, her attorney. During the pendency of the action the first defendant named died, and her executors have been substituted in her place. As to the attorney defendant the court found in his favor, and we are not inclined to disturb that finding.

Subsequent to the conversion of the personal property, the real estate was sold under a power of sale in a trust deed,

and the offset of $732.34 claimed to have been due to the deceased defendant arose under the terms thereof. If the trust deed had been executed subsequent to the enactment of sections 580a, 580b and 580c of the Code of Civil Procedure, it would have been necessary for the holder to have followed the procedure and secured judgment as required by those sections. The trust deed is dated November 5, 1931. Therefore, none of the sections mentioned are applicable. (*Birkhofer* v. *Krumm,* 27 Cal. App. (2d) 513 [81 P. (2d) 609] ; *Kirkpatrick* v. *Stelling,* 36 Cal. App. (2d) 658 [98 P. (2d) 566].)

In 1933, section 337 of the Code of Civil Procedure was amended limiting the time to bring action for a deficiency judgment upon a sale under a trust deed to not more than three months after the date of the sale. In the case at bar the sale was February 14, 1936; no action for the deficiency was brought within the three months' period of limitations; and therefore the claim is barred. (*Bank of America etc. Assn.* v. *Dennison,* 8 Cal. App. (2d) 173 [47 P. (2d) 296].)

The findings recite that there never was any act done to attempt to foreclose a chattel mortgage placed on the personal property at the same time the trust deed on the real estate was made. The offset was claimed for a deficiency arising out of a sale under the trust deed on the real estate and not on the chattel mortgage. There is nothing in the record which would support a judgment for an offset based upon any claim growing out of the chattel mortgage. Argument and authorities cited in support of such contention are not in point.

Judgment is reversed and cause remanded to the trial court with instructions to enter judgment for the plaintiff in the sum of $800.

Doran, Acting P. J., and White, J., concurred.

A petition for a rehearing was denied September 25, 1942, and respondents' petition for a hearing by the Supreme Court was denied October 29, 1942.