[Civ. No. 13901. Second Dist., Div. Three. Apr. 18, 1944.]

ALICE V. WARE, Respondent, v. ANNA HELLER et al., Appellants.

Swaffield, Swaffield & Madden for Appellants.

Harry G. Sadicoff for Respondent.

BISHOP, J. pro tem.—In this action to recover a deficiency judgment after a sale under a trust deed, the plaintiff sought and obtained a summary judgment, from which the defendants have appealed. A demurrer had been sustained, without leave to amend, to several affirmative defenses which set

up statutes of limitations, and that ruling is one of the subjects to engage our attention. So also is defendants' contention that the judgment should have been limited, under the provisions of section 580a, Code of Civil Procedure, to the difference between the value of the property at the time of sale and the balance remaining unpaid on the obligation which had been secured by the trust deed. We have concluded that plaintiff's cause of action was not barred, and that the provisions of section 580a were inapplicable.

According to the allegations of the complaint, admitted by defendants' failure to deny them, on August 27, 1931, the defendants executed a promissory note in plaintiff's favor (we may disregard the deceased, joint tenant, payee) and a trust deed to secure the same. The principal of the note, $20,000, was to be paid September 1, 1934, and $350 interest was due quarterly. Only a portion of the interest payment due June 1, 1934, was paid, and the next four quarterly payments of interest became delinquent. Nor was the principal paid. Steps were then taken, whose regularity is not questioned, leading up to a sale of the trust property on March 5, 1936, the plaintiff bidding in the property for $15,000.

No contention is made that the amount of the judgment, $7,458.95, is incorrect, provided the provisions of section 580a, limiting the amount of recovery to the difference between the unpaid balance and the value of the property at the time of sale, are not applicable to the case. It has been repeatedly held by the appellate courts of this state that the section does not apply in a case such as this where the note sued upon antedates the section. The case of *Birkhofer* v. *Krumm* (1938), 27 Cal.App.2d 513 [81 P.2d 609], gathers together most if not all the cases decided up to its appearance, and it, in turn, is cited in most if not all of those determined since its publication. In the main, the decisions have been based on the conclusion that the section could not be given effect because of the constitutional prohibitions against the impairment of contracts. The question mark, placed after this conclusion by *Richmond Mortgage & Loan Corp.* v. *Wachovia Bank & Trust Co.* (1937), 300 U.S. 124 [57 S.Ct. 338, 81 L. Ed. 552, 108 A.L.R. 886], to which reference was made in *Birkhofer* v. *Krumm, supra*, 27 Cal.App.2d 513, 533, et seq. [81 P.2d 609], *Bank of America* v. *Burg Bros.* (1939), 31 Cal.App.2d 352, 354 [88 P.2d 196], and *Drapeau* v. *Smith* (1939), 34 Cal.App.2d 84 [93 P.2d 157] has been underscored by the more recent case of *Gelfert* v. *National City Bank*

(1941), 313 U.S. 221 [61 S.Ct. 898, 85 L.Ed. 1299, 133 A.L.R. 1467], and the defendants make the contention that in view of the position taken by the federal Supreme Court the appellate courts of this state should abandon their position and recognize that there is no constitutional limitation upon the power of the Legislature to make section 580a apply to notes executed before its effective date.

■ We are not passing judgment upon defendants' contention, for even if they should be found right in their position, it would not determine that section 580a applied to this case. In spite of the fact that the two points are frequently confused into one, the question of the constitutionality of retroactive legislation and the question of the intention of the Legislature to make a statute retroactive are distinct questions. The latter question is not a federal one, but one of interpretation of a state statute, on which the decisions of the state courts are controlling. So it is that those cases which hold that the Legislature revealed no intention of making section 580a retroactive, and therefore it has no application to actions on notes which are dated prior to 1933, retain their authority, whatever may be said of the controlling authority of the Gelfert case on the constitutional question. The following cases agree that the value-at-sale provisions of section 580a have no retrospective effect because it was not the Legislature's intention that they should have: *Bank of America* v. *Burg Bros., supra,* 31 Cal.App.2d 352, 354 [88 P.2d 196]; *Craemer* v. *Norton Realty Co.* (1939), 33 Cal.App.2d 340, 341 [91 P.2d 644]; *Drapeau* v. *Smith, supra,* 34 Cal.App.2d 84, 86 [93 P.2d 157]; *Pacific States Sav. & Loan Co.* v. *Painter* (1940), 37 Cal.App.2d 645, 647 [99 P.2d 1103]. And see *Bechtel* v. *Nelson* (1935), 10 Cal.App.2d 66, 68 [51 P.2d 99].

■ We agree with the conclusion of these cases. To hold that section 580a, which was enacted in 1933, applied to this action, brought on a note executed in 1931, would be to give it a retroactive or retrospective operation. Quoting the first part of the definition of "retrospective laws," given in 16 C.J.S. 856, we find: "A retrospective law is one that relates back to a previous transaction and gives it some different legal effect from that which it had under the law when it occurred." The case of *Medical Finance Assn.* v. *Wood* (1936), 20 Cal.App.2d Supp. 749 [63 P.2d 1219], furnishes a good example of what is meant by "retroactive" or "retrospective" operation. The court was there dealing with the

question whether an amendment to the exemption statute applied to an execution levied under a judgment which had been entered before the amendment. We quote this enlightening comment (p. 751): "The statute here contains no expression of an intent to operate on existing rights. It says nothing on the subject. Until it took effect the plaintiff, and any other person in like position, had a right to satisfy his demand by levy on any automobile his debtor might own. Application of this statute to his case would limit that right and take away a part of it. Hence the rule above stated prevents its application to his claim here in suit." "A retrospective law," the court stated in *American States W. S. Co.* v. *Johnson* (1939), 31 Cal.App.2d 606, 613 [88 P.2d 770], "is one which affects rights, obligations, acts, transactions and conditions which are performed or exist prior to the adoption of the statute. The terms 'retrospective' and 'retroactive' are interchangeable. [Citing cases.]"

■ This principle is well established: "It is settled that every statute will be construed to operate prospectively unless the legislative intent to the contrary is clearly expressed." (*Jones* v. *Union Oil Co.* (1933), 218 Cal. 775, 777 [25 P.2d 5, 6].) There is no "intent to the contrary" expressed with respect to section 580a. It was added to the Code of Civil Procedure by an act (Stats. 1933, p. 1669) which also added other sections to the codes and amended still others, "all relating" as the title of the act stated "to the hypothecation of real property and to obligations secured thereby." One of the new sections, 580c of the Code of Civil Procedure, makes specific reference to "existing deeds of trust," and one of the amended sections, section 2924 of the Civil Code, refers to mortgages "created after July 27, 1917." The intention of the Legislature to make these two sections affect instruments already executed is expressed. No expression of an intention to make section 580a apply to existing trust deeds is found either in its terms or elsewhere.

It took no pleading to enable the defendants to raise the question we have been considering; had they been correct in their contention respecting it, there would have been found to be a fatal defect inherent in plaintiff's case. The remaining points pressed by the defendants we find presented as separate affirmative defenses in their amended answer. To five of these separate defenses general demurrers were sustained without leave to amend, and these rulings are before

us for review on this appeal from the judgment. (*Cumming v. Auriemma* (1935), 7 Cal.App.2d 208, 210 [46 P.2d 209].) Defendants' contentions are: that plaintiff's action was barred, (1) by subdivision 1 of section 337, Code of Civil Procedure; (2) by section 580a of the same code; (3) by section 343 of the same code; (4) by agreement of the parties; and finally, that the moratory statutes, on which plaintiff must rely, afford her no relief. This last point has two bases. First of all, defendants argue, the moratory statutes of 1935 and 1937, without which the chain, on which plaintiff's case hangs, would be broken, are not applicable to her case for the reason that they, the defendants, never availed themselves of the privileges afforded by those statutes. Moreover, defendants' argument continues, irrespective of any other statute, the period within which plaintiff might commence her action was limited by those provisions of subdivision 1 of section 337 which existed after as well as prior to the 1933 addition to the section, so that it expired September 1, 1938, and no moratory statute extended the time of an action which became barred on that date.

■ Preliminary to a discussion of these questions we should note that, as stated in *Bakersfield etc. Co. v. J. K. McAlpine etc. Co.* (1938), 26 Cal.App.2d 444, 450 [79 P.2d 410]: "An action to recover a deficiency judgment is manifestly 'founded' upon the instrument secured by the . . . deed of trust . . . whereby the security is given, although the amount of the deficiency that the holder is entitled to recover may not be susceptible of ascertainment until the security has been exhausted; and therefore it is not competent until that time to bring an action to recover it." (See, also, *Everts v. Newhouse Inc. Ltd.* (1938), 28 Cal.App.2d 407, 409 [82 P.2d 703], and statement of Supreme Court in denial of hearing in *Security First Nat. Bank v. Sapkin* (1937), 19 Cal. App.2d 224, 227 [64 P.2d 1097, 66 P.2d 656].)

■ But for extensions granted by the succession of statutory moratoria, this action, commenced October 24, 1941, would undoubtedly be barred. Subdivision 1 of section 337 has since its enactment prescribed a four-year period for actions "upon any contract, obligation or liability founded upon an instrument in writing." In 1933 a proviso was added to the subdivision to the effect that the time within which an action for a deficiency judgment might be brought "shall

not extend beyond three months after the time of sale" under a trust deed. (Section 343, being applicable only to actions for relief "not hereinbefore provided for," has no place in our picture.) Section 580a, enacted in 1933, contained this sentence, referring to an action for a deficiency judgment: "Any such action must be brought within three months of the time of sale under such deed of trust or mortgage." By virtue of these two provisions of 1933 legislation, the time within which plaintiff was free to bring this action ended June 5, 1936, but for the moratory statutes.

Do these 1933, three month statutes of limitations apply to this action, brought on a 1931 note? This question presents itself in view of our conclusion that the fair-market-value provisions of section 580a are inapplicable, because given no retroactive effect. The question takes on a more serious aspect when we find that the three month statutes, which became effective August 21, 1933, have been held not to bar an action for a deficiency judgment in an instance where the sale had taken place in June, 1933, leaving more than a month's time for bringing the action, and that the basis for the holding was that the statutes had not been given a retroactive effect. (*Security First Nat. Bank* v. *Sapkin, supra,* 19 Cal.App.2d 224 [64 P.2d 1097, 66 P.2d 656]; *Christina* v. *Hightower* (1937), 22 Cal.App.2d 339 [70 P.2d 988].) However, we find that, without much discussion of principle and in only one instance a consideration of the possible objection that the sections (337 and 580a) were not intended to be retroactive, it has repeatedly been held that they are the statutes of limitations applicable to actions for deficiency judgments brought on notes made earlier than August 21, 1933, but where the sales took place after that date. (*Reynolds* v. *Jensen* (1936), 14 Cal.App.2d 558 [58 P.2d 687]; *Petit* v. *Blenkiron* (1936), 16 Cal.App.2d 751, 755 [61 P.2d 527]; *Palo Alto Mut. B. & L. Assn* v. *Cook* (1936), 17 Cal. App.2d 193, 194 [61 P.2d 499]; *Griffin* v. *Porter* (1942), 54 Cal.App.2d 254, 256 [128 P.2d 820].) See also: *Bakersfield etc. Co.* v. *J. K. McAlpine etc. Co., supra,* 26 Cal.App.2d 444, 446 [79 P.2d 410]; and *San Francisco Bank* v. *St. Clair* (1941), 47 Cal.App.2d 194, 202 [117 P.2d 703].

There is no inconsistency in holding that the fair-market-value provisions of section 580a are not applicable to an action brought on a 1931 note, and in holding that the

section's three month statute of limitations is applicable.
Provisions such as those first referred to, which would place a limitation upon the amount that the holder of a note may receive, fall within the definition of retrospective statutes; they would affect a right which existed before the statute was passed. But a provision dealing with the period within which an action may be brought, so long as it does not reduce the time to such an extent that it amounts to a deprivation of an opportunity to enforce a preexisting right, is not "retroactive," because it does not affect a right or obligation of the preexisting contract. As stated in *Morris v. Pacific Electric Ry. Co.* (1935), 2 Cal.2d 764, 768 [43 P.2d 276], "[procedural changes] operate on existing causes of action and defenses, and it is a misnomer to designate them as having retrospective effect." The courts which decided *Bakersfield etc. Co.* v. *J. K. McAlpine etc. Co., supra,* 26 Cal.App.2d 444, 446, 451 [79 P.2d 410] and *Griffin* v. *Porter, supra,* 54 Cal.App.2d 254, 256 [128 P.2d 820], found nothing inconsistent in the two holdings, for each case approves both of them.

We have devoted some little attention to the question just discussed for the reason that, paradoxically, if the three month statutes govern, plaintiff's action is not barred; but if they do not govern it is barred. This is so because a succession of moratory statutes pick up plaintiff's cause of action and carry it safely past all bars, if the three month period would, but for the moratoria, outlaw it. But if the limitation statute is four years, no moratory statute granted plaintiff an extension. We have concluded, as already indicated, that the statute of limitations applicable to plaintiff's action is the three month statutes of sections 337 and 580a.

Four moratory statutes are of interest. Effective June 21, 1935, chapter 348, Statutes of 1935, provided, in section 19: "Whenever the time within which an action may be commenced upon any obligation founded upon a written instrument secured by . . . deed of trust . . . would expire by virtue of section 337 of the Code of Civil Procedure, or by virtue of . . . any other provision of law, during the period commencing with the effective date of this act and ending on February 1, 1937, such time is hereby extended so as not to expire until the first day of July, 1937." The sale involved in the present action having taken place March 5,

1936, the time for bringing this action was thus extended to July 1, 1937. In 1937 another moratorium (Stats. 1937, p. 466) extended plaintiff's time, for section 19, of chapter 167, provided that "Whenever the time within which an action [such as ours] may be commenced . . . would expire" between May 5, 1937 and October 1, 1937, "such time is hereby extended so as not to expire" until July 1, 1939. By like provisions, (Stats. 1939, p. 1051) actions against which any statute would run between April 24 (or 25), 1939 and July 1, 1941, had their time extended until October 1, 1941. The time within which plaintiff could bring her action was further extended, by section 20, chapter 204, Statutes of 1941, until October 1, 1943.

As we have already seen, the defendants take the position that these moratory statutes do not save plaintiff's action from the bar of the statute. Their first contention is that because they, the defendants, failed to take advantage of certain opportunities offered by the statutes, therefore the plaintiff may not take advantage of the extensions it provided. The allegations of one of the special defenses, to be accepted as true for the purposes of the demurrer, are to the effect that the defendants never filed a petition praying for a postponement of the sale of their property, nor a petition seeking to set the sale aside, as they were authorized to do in the statutes of 1935 and 1937 to which we have referred. Relying upon this sentence appearing in section 22 of each statute: "The failure on the part of any trustor . . . to file a petition within the times specified in this act, shall be deemed a waiver of the benefit of the provisions of this act," the defendants argue that they received no benefits under the statutes; therefore the plaintiff suffered no detriment because of them; hence the plaintiff may not avail herself of the extended periods in which to bring an action which they provide. We are aware of no comment upon this particular sentence in the opinions of the appellate courts of this state, but defendants' argument has been satisfactorily answered. In *Rust* v. *Hill* (1941), 17 Cal.2d 517 [110 P.2d 657] and *Goldenberg* v. *Wilner* (1941), 18 Cal.2d 399 [115 P.2d 820], it was held that moratory statutes which took effect too late for the debtors to obtain postponements of the sales of their property, that is, after the sales had taken place, were not intended and did not operate to extend the time within which actions for deficiency judgments might

be brought, the court stating in *Rust* v. *Hill* (p. 520) : "the creditor is not entitled to an extension of the time for bringing an action for a deficiency where the debtor has had no opportunity to invoke the beneficial provisions of the act for the reason that the power of sale was exercised before the act became effective." Defendants' property, it will be remembered, was not sold until March 5, 1936, over eight months after chapter 348 of the statutes of 1935 became effective. This case, therefore, falls within the reasoning and under the authority of *Harris* v. *Fitting* (1937), 9 Cal.2d 117, 121 [69 P.2d 833] ; *Bakersfield etc. Co.* v. *J. K. McAlpine etc. Co., supra,* 26 Cal.App.2d 444, 449 [79 P.2d 410] ; *O'Meara* v. *De Lamater* (1942), 52 Cal.App.2d 665, 668 [126 P.2d 671] ; and *Schmidt* v. *Klipfel* (1943), 59 Cal. App.2d 197 [138 P.2d 740], and the benefits of the moratory statutes are extended to the plaintiff although the defendants took no active steps to avail themselves of their advantages.

The line of defense next taken by the defendants has one sound premise; no moratory statute extended the period within which an action could be brought if the period was one expiring in the year 1938. If the general provisions of subdivision 1, section 337, Code of Civil Procedure apply to this case, and were the only ones to apply, the time within which plaintiff could have commenced the action expired September 1, 1938. However, as the general provisions of the subdivision which place a four year limitation upon "an action upon any contract, obligation or liability founded upon an instrument in writing," are followed by the proviso that actions for deficiency judgments must be brought within three months of the date of sale, we are led to the conclusion that the four year statute no longer applies to the special class of actions for which the three months' limit is prescribed. (See *Read* v. *Mills Building Company* (1940), 39 Cal.App.2d 140, 143 [102 P. 2d 542].) What is said in *Christina* v. *McLoughlin* (1937), 18 Cal.App.2d 410, 412 [63 P.2d 1174] about the four year statute barring the action should be read in the light of the argument there made that the three month statute was unconstitutional. Two conclusions were expressed: first, that the three month statute was not unconstitutional; second, if it was, the action was barred by the four year statute. The defendants also rely upon this quotation from *Glashoff* v. *Glashoff* (1943), 57 Cal.

App.2d 108, 113 [134 P.2d 316] : "In *Rust* v. *Hill, supra,* the creditor had sold the property in April, 1935, before the effective date of the act in June, 1935, and therefore the date of expiration was gauged by the date of sale, and not by the maturity of the obligation." We do not quite understand the purport of the "therefore," but the significance of the rest of the sentence is plain. Plaintiff having sought a deficiency judgment after the sale of trust property, the period within which the action could be commenced was three months from the date of sale, not four years from the maturity of the note.

■ But even if both the three month and the your year statutes are applicable, so that whichever falls first is a bar, nevertheless this action was commenced within an authorized period. Plaintiff had but one cause of action. The period within which she could bring suit upon it would, but for the moratory statutes of 1935 and 1937 have expired first on June 5, 1936, and then on July 1, 1937. As a result of the moratory acts, however, the period was extended so as not to expire until July 1, 1939. Therefore, it did not expire in 1938, and the failure of any moratory statute to save causes gasping their last in that year is of no moment in this case.

■ The defendants put up two further defenses in the nature of a bar to plaintiff's action. The first appears in another affirmative defense to which a demurrer was sustained without leave to amend. Here the defendants alleged that by a writing, dated April 11, 1936, the plaintiff and the defendants agreed "that the provisions of the 1933 amendment to Section 337 of the Code of Civil Procedure should be extended for a period of ninety days from and after the 5th day of September, 1936," and they continued with their conclusion that as a result plaintiff's cause of action expired December 4, 1936. The effect of the agreement, of course, was similar to that of the moratory statutes; it extended the period within which the action could be brought, but did not constitute a new statute of limitations. (*Watts* v. *Currie* (1940), 38 Cal.App.2d 615, 618 [101 P.2d 764].) So far as the parties had agreed, therefore, the action would have been subject to attack under the three month statutes any time after December 4, 1936, but for the 1935 and subsequent statutes. In view of those stat-

utes they are immune from attack, for periods expiring in December of 1936 were picked up and extended.

 This leaves a separate defense, to which a general demurrer was interposed but not sustained, the second separate defense. In it the defendants made this claim: "That by an instrument in writing, dated April 11, 1936, upon which said instrument these defendants rely, plaintiff, for a valuable consideration, agreed with defendants that no action for a deficiency judgment against defendants would be sought, unless the same was commenced within ninety (90) days after September 5, 1936." A subsequent sentence in this second defense was ordered stricken at the same time that the demurrers were sustained to the other defenses (which ruling is not under fire), but the demurrer to this defense was not ruled upon. Some four months later the plaintiff made, and the court granted, a motion under section 437c, Code of Civil Procedure, that the amended answer be stricken and a judgment entered for $7,458.95, and some incidentals not in question, in plaintiff's favor. The fact that at the time the motion was made and granted the demurrer to the second defense was pending, constituted no irregularity of which complaint may be made. The motion for a summary judgment constituted an attack upon the answer as it then stood, and the order is to be tested upon the understanding that the second defense was a part of the answer. The pendency of an attack by way of a demurrer did not serve to isolate the defense so that by some magic it was not a part of the total defense which the defendants were interposing to plaintiff's suit.

. The second defense was an affirmative one, the burden of proving it upon the defendants. In their affidavit countering plaintiff's motion for a summary judgment, the defendants made no attempt to reveal any written agreement. They were however, doubtless entitled to take advantage of plaintiff's affidavit setting up a writing bearing the date of April 11, 1936. But, contrary to the allegations of the second defense, and of defendants' argument on appeal, the writing produced by the plaintiff has no such terms, or effect, as that which defendants would ascribe to it. Reliance is placed upon these words in the writing: "It is expressly agreed that the provision of Section 337 of the Code of Civil Procedure of the State of California, shall be extended for a period of ninety days from and after the 5th day of Sep-

tember, 1936." Then the provision referred to is identified as being that which limits the bringing of an action for a deficiency judgment to a period not extending beyond three months from the date of sale. The effect of this agreement was to extend, not limit, the time within which the plaintiff might sue for the balance due her. Why the parties felt it necessary to extend plaintiff's time to sue, in view of the extension afforded by the Moratorium Act of 1935 is not apparent, but the absence of a known reason does not serve to write into their agreement a term which they did not insert, so as to make of it an agreement limiting the period provided by a statute not referred to, rather than extending the period beyond that of a statute particularly identified.

Inasmuch as plaintiff's cause of action was not limited by the provisions of section 580a, Code of Civil Procedure, and the moratory statutes extended her time to sue, no reason appears to reverse the summary judgment; it is affirmed.

Shinn, Acting P. J., and Wood (Parker), J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied June 15, 1944. Carter, J., and Schauer, J., voted for a hearing.