[S. F. No. 11753. Department Two.—November 22, 1928.]

M. J. NICHOLAS, Respondent, v. P. N. JACOBSON, Appellant.

Dutton & Gilkey, David C. Dutton, Hartley F. Peart and Charles V. Barfield for Appellant.

Philip M. Carey and Marvin B. Sherwin for Respondent.

RICHARDS, J.—This appeal is from a judgment in favor of the plaintiff and against the defendant, a physician and surgeon, in an action wherein the plaintiff sought to recover damages from the defendant for an alleged unskilful surgical operation, said judgment having been rendered and entered after a trial before a jury, which returned a verdict in favor of the plaintiff for the sum of ten thousand dollars, and upon which judgment was rendered and entered for said sum. The operation in question was one having for its purpose the removal of a long-standing affliction, known as varicocele or varicose veins, from the scrotum of the plaintiff. In his original complaint the plaintiff alleged that said operation was unskilfully performed and that in the course thereof the defendant had unnecessarily removed the plaintiff's left testicle. After the trial had proceeded for several days upon the specific issue thus tendered the plaintiff was permitted, over the defendant's objection, to amend his complaint so as to eliminate the averment as to the removal of said testicle, and to substitute therefor an averment to the effect that the same had been injured and destroyed as a result of said operation.

The main contention of the appellant upon this appeal is that the evidence educed at the trial was insufficient to justify the verdict of the jury and the judgment of the trial court. This contention has rendered necessary upon

our part a careful and, in fact, a critical examination of the entire record, with a view to determining the merit of this contention. We have made such examination and have reached certain conclusions thereon. We do not, however, deem it either necessary or desirable to set forth with much of detail the evidence in this case, for reasons which should be obvious, and will content ourselves, therefore, with a brief statement of the conclusions drawn from such evidence or from the lack of it which, in our opinion, would compel a reversal of this cause upon appeal. The action is one brought against a physician and surgeon for alleged unskilfulness in the performance of a surgical operation. There is no evidence whatever in this record tending to show that the defendant, as a physician and surgeon, was not fully possessed of that degree of care, skill, and learning ordinarily possessed and exercised by physicians and surgeons practicing their profession in the same or similar locality. The uncontradicted evidence in the case is to the contrary. There is no sufficient evidence in this record tending to show that the defendant, in the part which he took or supervised in the operation in question, failed in any degree to exercise that measure of care and skill which is ordinarily possessed and exercised by physicians practicing the profession of medicine and surgery in the same or similar locality, unless it is to be found in a reasonable inference to be drawn from the alleged result of the operation in question that it was unskilfully performed. There is no sufficient evidence in this record tending to show that in the performance of said operation the left testicle of the plaintiff was removed. The evidence of medical experts called by the plaintiff is, with one exception, to the contrary; and said exception relates to the testimony of a physician called by plaintiff which shows upon its face that his opinion that the plaintiff's left testicle had been removed was based upon an insufficient examination, and was formed under circumstances which rendered it valueless. Finally, there is no sufficient evidence in the record before us that the deterioration of the plaintiff's left testicle, which forms the gravamen of his action as set forth in his amended complaint, was either due to said operation or to any unskilfulness on the part of the defendant or his associates in the course of its performance. The uncontradicted evidence

discloses that the plaintiff had been suffering from the affliction known as varicocele for several years prior to the performance of the operation in question; that he had subjected himself to a previous operation by another physician and surgeon for the removal of varicose veins several months prior to the operation in question in this case, and which prior operation had been unsuccessful in so far as it accomplished the removal of such varicose veins. The uncontradicted medical testimony offered on behalf of both parties in the case showed that a frequent, if not usual, effect of the long-standing affliction of varicose veins upon the scrotum is to cause a degeneration and eventually atrophy of the testicle, the healthy condition of which must depend upon a normal state of the blood circulation which ministers to that organ; and the practically uncontradicted evidence in this case serves to show that such deterioration existed and was in the course of progress at the time of the operation which was performed by the defendant and his associates, and which in so far as it effected the removal of the varicose veins upon the plaintiff's scrotum was entirely successful. The practically undisputed evidence herein further discloses that the extent of deterioration which had reduced the plaintiff's left testicle to the size of approximately a raisin would not, in the natural course of things, have resulted from the operation which the defendant and his associates performed, but would rather appear to have been the result either of the pre-existing state of degeneration due to the presence of varicose veins or to some unskilfulness in the performance of the previous operation. In short, there is no sufficient showing in this record upon which the plaintiff would be entitled to base a reasonable inference that the deterioration of his testicle was due in any degree to the surgical operation which the defendant and his associates performed. It follows from the foregoing that there was no sufficient evidence offered at said trial in support of the plaintiff's case to justify the inference drawn by the jury that the defendant was in any degree responsible for the affliction or condition of which the plaintiff complains. In view of the foregoing conclusion we deem it unnecessary to further review the alleged errors urged by the appellant as occurring in

the course of the trial and upon which he relies for a reversal of the judgment herein.

The judgment is reversed.

Shenk, J., and Langdon, J., concurred.

Hearing in Bank denied.

All the Justices concurred.