[Civ. No. 18029.    Second Dist., Div. Two.    Feb. 15, 1951.]

MARGERY BENNETT, Appellant, v. LOS ANGELES TUMOR INSTITUTE et al., Defendants; DR. ROY W. JOHNSON et al., Respondents.

Russell H. Pray and William C. Price for Appellant.

Hunter & Liljestrom and Harold J. Hunter for Respondents.

MOORE, P. J.—This is an appeal from a judgment of nonsuit in an action for malpractice against the respondents, Los Angeles Tumor Institute and Dr. Johnson, its radiologist, for damages resulting from X-ray burns allegedly caused by the negligence of defendant doctor in administering X-ray treatments to appellant for papillomae. The nonsuit was granted on two grounds: (1) the evidence failed to show that plaintiff suffered X-ray burns or that respondents were negligent in their treatment; (2) the evidence established without conflict that the action was barred by section 340, subdivision 3 of the Code of Civil Procedure.

The evidence did not require a submission to the jury. Prior to consulting defendant Johnson for relief, plaintiff was suffering from papillomae on the ball of each foot. The affliction had caused her considerable pain and had not responded to other treatments. Dr. Johnson administered X-ray therapy to her on three occasions at weekly intervals commencing February 6, 1947. The relationship of physician and patient terminated about six weeks after the last treatment. At that time, according to appellant, those portions of the soles to which the X-rays had been applied were deep red at the center, pink in the circumference of the circle, and it was all tender. In July the area treated started to granulate. To use the words of the appellant, it "had the appearance of crystallized fruit," and from that time sloughing of the tissue continued and thereafter small blisters

developed over the injured areas and over the dorsum of each foot. In February, 1948, the appellant was attended by Dr. Pritikin, a chiropodist, who testified that the ball of each foot over a circle one inch and a quarter in diameter was denuded and that there was a colorless exudate from the area such as is seen in burns. The condition did not respond to treatment by Dr. Pritikin and appellant was unable to pursue her ordinary occupation from May until October, 1948. Thereafter she received treatment from a dermatologist and the lesions on the bottom of her feet healed, leaving scar tissue over the sites of the lesions which appellant testified were sore and which apparently did not have the same amount of tissue underneath the surface as the balance of the area of her soles.

Dr. Johnson and appellant both testified that the X-rays were administered by placing a metal tube with an opening at the outer end three fourths inch in diameter against the bottom of the foot at the site of the papilloma. The balance of the foot, according to the doctor, was shielded by a sheath of lead. The unfortunate young woman had no recollection of a leaden shield.

Appellant contends that such evidence was sufficient to warrant submitting the issue to the jury under the doctrine of res ipsa loquitur, relying on *Moore* v. *Steen*, 102 Cal.App. 723 [283 P. 833], and *Ragin* v. *Zimmerman*, 206 Cal. 723 [276 P. 107]. The doctrine was applied to X-ray burns in these decisions but they are distinguishable from the case at bar in that their plaintiffs suffered X-ray burns of which there was no denial. The X-rays therein involved were used solely for diagnostic purposes and in the Moore case the court itself pointed out this distinction at page 731.

The application of the doctrine of res ipsa loquitur is necessarily limited in the field of malpractice. The courts have applied it in only a restricted class of cases where the layman is able to say as a matter of common knowledge and observation that the consequences of professional treatment were not such as ordinarily would have followed if due care had been exercised. (*Moore* v. *Belt*, 34 Cal.2d 525, 530 [212 P.2d 509]; *Engelking* v. *Carlson*, 13 Cal.2d 216, 221 [88 P.2d 695].)* In the usual malpractice action it is necessary

*Examples of its proper application are *Ales* v. *Ryan*, 8 Cal.2d 82 [64 P.2d 409] (sponge left in abdominal cavity); *Timbrell* v. *Suburban Hospital*, 4 Cal.2d 68 [47 P.2d 737] (burn caused by hot compress or hot water bottle); *Dierman* v. *Providence Hospital*, 31 Cal.2d 290 [188 P.2d 12] (explosion of anesthetic during course of cauterizing a wound.)

for the plaintiff to establish that the defendant did not possess "the degree of learning and skill ordinarily possessed by physicians of good standing practicing in the same locality and that he shall use ordinary care and diligence in applying that learning and skill to the treatment of his patient." (*Engelking* v. *Carlson, supra,* 220; *Hesler* v. *California Hospital Co.,* 178 Cal. 764, 766 [174 P. 654].) ■ The question as to whether there has been a breach of this standard of care is one which can be resolved only by the testimony of experts. (*Moore* v. *Belt, supra,* 529.) In the Moore case the res ipsa loquitur doctrine was rejected. The court held it inapplicable where infection followed a cystoscopic examination of plaintiff's bladder, and pointed out that in decisions holding the doctrine applicable, evidence that the defendant did not cause the injury was remote and it followed as a matter of common knowledge from the nature of the injury that the result would not happen without negligence. The record therein had revealed substantial evidence from which the jury could reasonably conclude that the plaintiff's injury was not caused by the defendant but had its source in a prior condition which was the proximate cause of the trouble.

■ Such observation is pertinent to the facts at bar. It cannot be said as a matter of common knowledge that the condition which the plaintiff described which included blisters and sores on the soles and tops of her feet and on her shins was something caused by the negligence of Dr. Johnson. In the absence of expert medical testimony the inference that the condition was proximately caused either by a change in the original condition suffered by plaintiff or by some new trouble having nothing to do with the radiation was just as reasonable. Under such circumstances the res ipsa doctrine is not applicable. (*LaPorte* v. *Houston,* 33 Cal.2d 167, 170 [199 P.2d 665].)

■ Appellant also urges a reversal on the ground that the court erred in refusing to permit Dr. Pritikin to testify as to his opinion that the injury was an X-ray burn. Conceding the force and soundness of appellant's argument, it is still the rule that the question whether a person is qualified as an expert is a matter ordinarily addressed to the sound discretion of the trial court, and its ruling on appeal will not be disturbed unless a clear abuse of such discretion is demonstrated. (*Moore* v. *Belt, supra,* 532; *Sinz* v. *Owens,* 33 Cal.2d 749, 753 [205 P.2d 3, 8 A.L.R.2d 757].) Professor Wigmore goes so far as to say that "the trial court must be left to determine, absolutely and without review, the fact of posses-

sion of the required qualification by a particular witness.'' (Wigmore on Evidence, 3d ed., vol. II, § 561, p. 641.)

The record herein shows Dr. Pritikin to be a graduate of a school of chiropody; that he was licensed in California to treat diseases of the feet and thereby permitted to use X-ray treatment; that he had had courses in anatomy, physiology, histology, bacteriology, physiotherapy and X-ray; that he had spent four and one half years in the Navy attached to an X-ray department of a hospital; that he had studied dermatology and skin conditions. However, it was also shown that the witness had not studied the use of X-ray for treatment; had never in his practice administered X-ray treatments therapeutically; only once had he ever had occasion to distinguish between skin conditions arising from X-ray burns and those resulting from the direct application of heat, which was in 1935; he had never treated such a burn; had seen only two cases of X-ray burns in 20 years of practice; his use of X-ray in the Navy was for diagnostic purposes only, the therapeutic work having been performed by another department. There was no evidence introduced of any private study of the subject through attendance at lectures, reading, or by contact with other men in the field. The trial court's decision cannot be said to reflect an abuse of discretion. *Agnew* v. *City of Los Angeles,* 97 Cal.App.2d 557 [218 P.2d 66], and *Mirich* v. *Balsinger,* 53 Cal.App.2d 103 [127 P.2d 639], are distinguishable on their facts. The qualifications of the witnesses involved in those cases could hardly be the subject of debate as a perusal of the decisions will disclose.

Appellant assigns as prejudicial error the court's ruling whereby it forbade her to use a medical textbook in her cross-examination of Dr. Johnson. Inasmuch as such evidence was offered solely for the purpose of impeaching the witness' prior testimony, it cannot be considered in reviewing the correctness of the judgment of nonsuit. It is therefore not necessary to discuss the assignment.

In view of the conclusions derived with respect to the primary issue, it will be of no avail to discuss the statute of limitations.

Judgment affirmed.

McComb, J., and Wilson, J., concurred.

A petition for a rehearing was denied March 5, 1951, and appellant's petition for a hearing by the Supreme Court was denied April 12, 1951. Carter, J., voted for a hearing.