[Civ. No. 6270. Fourth Dist. Jan. 21, 1960.]

SALLY DECKARD, Appellant, v. ROY SORENSON, M.D.,
Respondent.

Ben M. Shera for Appellant.

Everett Swing for Respondent.

MONROE, J. pro tem.* — Plaintiff brought this action against the defendant, a physician and surgeon, to recover damages for alleged malpractice. She alleged in her complaint in substance that she had received injuries as the result of an automobile accident; that the defendant treated her in his capacity as a physician; that he negligently failed to properly diagnose her injuries and applied a cast to her left leg when in fact she was suffering from a fracture of the right kneecap. It is claimed that as a result of such negligent diagnosis and treatment she suffered damage. At the close of plaintiff's evidence, the court granted a nonsuit upon the motion of the defendant, and from a judgment thereon this appeal is taken.

The plaintiff and appellant claims on this appeal that the evidence was such as established the negligence of the defendant as a matter of law; that the rule res ipsa loquitur was applicable, and that therefore the court erred in granting the motion.

This court has carefully reviewed the record, bearing in mind that upon appeal from the granting of a nonsuit every inference must be indulged in support of plaintiff's cause of action and against the party in whose favor nonsuit was granted. It appears from the evidence that plaintiff was involved in an automobile accident on November 9, 1957, and that she was taken to a hospital and the defendant, who had theretofore treated her, was called. It appeared at that time that although the plaintiff had received painful bruises and abrasions, she had received no serious injury, and the defendant advised her to go home and call him if anything serious developed. He advised her that if she experienced any difficulty, X-rays might be taken. She returned to the doctor's office on November 19, 1957, 10 days later. At that time her left knee and leg were swollen and discolored and were very painful. She had some pain in her right leg, but there was no external evidence except a small cut on the knee, which was apparently healing. A number of X-rays were taken, including X-rays of both legs. The X-rays of the right disclosed a small lineal fracture of about one-fourth of an inch of the patella. There was no displacement.

The doctor assumed, and stated to the plaintiff, that the

*Assigned by Chairman of Judicial Council.

fracture was in the left knee, which gave external evidence of injury, and placed the left leg in a cast. This cast was worn for approximately a month. In the meantime, according to plaintiff's testimony, her right leg became somewhat more painful, but when the cast was removed it apparently was relieved. The apparent explanation would be that with the cast on the left knee she was making considerable more use of the right leg.

There were several trips to the doctor's office, culminating in an examination on January 2, 1958, at which time X-rays of both legs were taken. Upon an examination of these X-rays, the doctor told plaintiff that the fracture was in her right knee and that he did not know how the mistake had been made. He told her that apparently the knee was progressing favorably and would probably be all right. He suggested that some bandage be applied to the right knee, but plaintiff declined and left his office. A few days later defendant came to plaintiff's house and told her that he felt that she should have some protection on the right knee to prevent any harm from its being bumped or from any other accident, and asked permission to apply a splint. This permission was granted and the splint applied, but plaintiff and her husband thereupon told the doctor that they had made arrangements to place plaintiff in care of another physician and that they were terminating his services. The plaintiff testified that at the time of the trial, approximately a year later, she experienced stiffness of her right knee and some limitation of motion.

The defendant doctor was called to the stand under section 2055 of the Code of Civil Procedure and examined as an adverse witness. His testimony as to essential facts agreed with that of the plaintiff. He admitted that at the time he applied the cast he assumed that the small lineal fracture was in the left knee, which gave the external evidence of injury. He testified that in his opinion the plaintiff had suffered a severe sprain of the left leg, including a tearing of ligaments, and that he would have applied a cast to the left leg in any event, regardless of whether there was a fracture or not. He testified further that the fracture of the right patella was not a complete fracture; that it involved no displacement; that there was no necessity for placing a cast or splint upon that leg, except as a protective measure to avoid some external injury while it was healing. He testified that in his opinion the fracture had healed nicely and healed as well

without any cast or other protection as though the same had been applied.

Although the plaintiff testified that she thereafter went to another doctor, no evidence was offered as to what treatment, if any, was given. There was no evidence to establish that any alleged residual stiffness of plaintiff's knee was the result of anything done or omitted by defendant. In short, there was no evidence offered to establish that any act or omission on the part of defendant was the proximate cause of any injury suffered by plaintiff.

It is the established rule that the burden rests upon the plaintiff to establish that the damage complained of was proximate result of the negligence of the defendant. (*Holmes v. Moesser,* 120 Cal.App.2d 612 [262 P.2d 27]; *Hill v. Matthews Paint Co.,* 149 Cal.App.2d 714 [308 P.2d 865].)

It must be recollected that plaintiff was injured in the automobile accident and that the injuries of which she complains could well have been the result of that collision. The burden was upon plaintiff to establish that because of negligence of the defendant her injuries were aggravated or she received some injury or damage which would not have otherwise occurred. In the absence of a showing that such result was a matter of common knowledge expert testimony was required. (*Costa v. Regents of Univ. of California,* 116 Cal.App.2d 445 [254 P.2d 85]; *Bennett v. Los Angeles Tumor Institute,* 102 Cal.App.2d 293, 296 [227 P.2d 473].)

The rule of res ipsa loquitur furnishes no assistance to plaintiff in the present case. [ The rule in its application gives rise to an inference of negligence upon proof of those facts which are necessary to put the rule in motion. (36 Cal. Jur.2d, § 320, p. 50.) The inference of negligence arises only from proven facts. (*Dorswitt v. Wilson,* 51 Cal.App.2d 623 [125 P.2d 626].) In the instant case res ipsa loquitur would have added nothing to plaintiff's case. The defendant readily admitted that he made a mistake and that although he had before him X-rays of both legs, he mistakenly assumed that the fracture was in the kneecap of the leg which gave evidence of substantial injury. From these facts the trier of the facts could have found negligence. Upon the granting of the nonsuit, the trial court announced that he was assuming for the purposes of the motion that there was negligence, but that proximate cause had not been proven.

"Although an inference of negligence arises when the doctrine is properly applied, it does not eliminate the need to show the other elements of actionable negligence, especially

the fact that the injury was proximately caused by the negligence thus inferred." (36 Cal.Jur.2d, § 320, p. 52.)

It is unnecessary to determine whether res ipsa loquitur was or was not applicable in a case involving these facts. As did the trial court, we are assuming for the purpose of this decision that the evidence was sufficient to give rise to the inference of negligence. There being no proof, however, that any act or omission on the part of the defendant resulted in any damage or injury to the plaintiff, the trial court properly granted a nonsuit.

Judgment affirmed.

Griffin, P. J., and Shepard, J., concurred.